62993. THE STATE v. PIDCOCK.

DEEN, Presiding Judge.

This is an appeal by the state from an order of the trial court sustaining the defendant's motion to suppress evidence under a two count indictment charging him with possession of more than an ounce of marijuana and of methaqualone tablets. The order states in part: "The defendant had not committed any offense in the presence of the officers. The defendant was not attempting to flee from the officers. The law enforcement officers had no arrest warrant for the defendant. No failure of justice would have occurred if the officers had waited to get an arrest warrant." Under disputed evidence the judge also found as a fact, contrary to the testimony of the arresting officers, that the marijuana was not in plain view on the floorboard of the parked car but was actually inside a brown paper bag hidden under the seat of the car and could not have been seen prior to the search. There is also evidence that while the officer was told by an informant that the defendant would be in the vicinity and was selling marijuana he was not told that the drugs would be in the car, and there was evidence from which the court could properly conclude that there was time to obtain a warrant prior to the search. No amount of probable cause can justify a warrantless search absent exigent circumstances. Coolidge v. New Hampshire, 403 U. S. 443, 468 (91 SC 2022, 29 LE2d 564) (1971). Quoting from Coolidge, we held in *Love v. State,* 144 Ga. App. 728, 736 (242 SE2d 278) (1978): "Whether exigent circumstances precluded obtaining a warrant is a question of fact to be determined by the trial court," and "the trial court's factual conclusion that there was time to get a warrant — thus, that there were no exigent circumstances — is supported by evidence and we must defer to it." It appears here that some 40 minutes elapsed between the time the defendant left the vehicle and the time he

returned, during which period the arresting officer obtained back-up help but made no effort to obtain a warrant for the search of the vehicle, and that the police car parked in front of the defendant's car securely blocked its path. The court thus had at least two adequate reasons for granting the motion to suppress: He found the testimony that the marijuana was "in plain view" was not believable, and he found no exigent circumstances permitting the search which was conducted.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED DECEMBER 4, 1981.

*H. Lamar Cole, District Attorney, James B. Thagard, Assistant District Attorney,* for appellant.

*Larkin Fowler,* for appellee.