A91A0785. THE STATE v. HUNT et al.
(411 SE2d 273)

BANKE, Presiding Judge.

The appellees were indicted for "manufacturing marijuana by means of production" and "possession of marijuana in excess of one ounce" based on the discovery of marijuana plants growing in the vicinity of appellee Hunt's home. The appellees filed special demurrers to the first count of the indictment, asserting that it failed to "describe how the manufacturing of marijuana is accomplished" in that it did not specify "how or by what means the marijuana is extracted from the natural marijuana plant or manufactured independently by means of chemical synthesis. The trial court granted these special demurrers, and the state filed this appeal pursuant to OCGA § 5-7-1 (1), contending that the trial court erred in ruling that "one cannot manufacture marijuana by growing same." *Held*:

The appellees were charged under OCGA § 16-13-30 (j) (1) which provides as follows: "It is unlawful for any person to possess, have under his control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana. The term, "manufacture" is defined by the Code section to mean "the production, preparation, propagation, compounding, conversion, or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis . . . ," OCGA § 16-13-21 (15); while "production" is defined to include "the manufacture, planting, cultivation, growing, or harvesting of a controlled substance." OCGA § 16-13-21 (24). Thus, the Code section applies by its express terms to the cultivation or planting of marijuana. Accord *Hunter v. State*, 198 Ga. App. 41 (400 SE2d 641) (1990); *Blitch v. State*, 188 Ga. App. 487 (373 SE2d 227) (1988); *Kelleher v. State*, 185 Ga. App. 774 (365 SE2d 889)

(1988); *Fatora v. State*, 185 Ga. App. 15 (363 SE2d 566) (1987); *Hendrixson v. State*, 167 Ga. App. 517 (4) (306 SE2d 350) (1983). It follows that the trial court erred in concluding that "one cannot manufacture marijuana by growing same" and in dismissing Count 1 of the indictment based on that conclusion.

*Judgment reversed. Carley and Beasley, JJ., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 27, 1991 —

*W. Fletcher Sams, District Attorney, William T. McBroom III, Assistant District Attorney*, for appellant.

*Cramer, Weaver & Edwards, Timothy C. Cramer, Mullins, Whalen & Shepherd, Samuel H. Sullivan, Walter M. Henritze, Jr.*, for appellees.