A92A0680. THE STATE v. ECHOLS.
(420 SE2d 64)

CARLEY, Presiding Judge.

Appellee was indicted for the manufacture of marijuana in violation of OCGA § 16-13-30 (j) (1) and he filed a pre-trial motion to suppress. After conducting a hearing, the trial court granted appellee's motion and the State appeals.

The relevant facts are as follows: An officer received information from a reliable source that marijuana was being grown on appellee's property. The officer then drove by appellee's property and, from the public street, he saw what appeared to him to be a marijuana plant. The officer advised the chief of police. The chief of police then drove by appellee's property and also saw, from the public street, what he believed to be a marijuana plant. The plant was then seized from appellee's property without a warrant. The State relied upon the "plain view" doctrine, but the trial court concluded that "[o]nce [the officer] received the [information] that [a marijuana plant] was [on appellee's property] from a source that [the officer] had found to be reliable before, then at that time he was under a duty to go get a search warrant rather than to get in his car and go by and look over there and try to verify [the information]."

The officer needed no search warrant to drive down a public street in response to a report that marijuana was being grown on appellee's property. If the marijuana was in plain view from the vantage point of the public road, the officer's mere act of driving by and looking for the reported contraband would certainly not constitute a "search" such as would require a warrant. "If an article is already in plain view, . . . its observation . . . would involve [no] invasion of privacy. [Cits.]" *Horton v. California*, 496 U. S. 128, 133-134 (II) (110 SC 2301, 110 LE2d 112) (1990).

It is immaterial for Fourth Amendment purposes that the officer was acting upon information supplied to him by an informant and that he did not merely happen to observe the contraband while routinely driving by appellee's property. See *State v. Zackery*, 193 Ga. App. 319 (387 SE2d 606) (1989). The officer was not relying upon the information to conduct a search of appellee's property. The officer

was merely relying upon the information to conduct a visual survey of appellee's property from the public street. " '[T]he expectation that . . . evidence will be discovered does not preclude operation of the plain view exception to the warrant requirement.' [Cits.]" *State v. Scott*, 159 Ga. App. 869, 870 (2) (285 SE2d 599) (1981). The discovery of the contraband would not violate appellee's Fourth Amendment rights "even though the officer may have suspected that he would find incriminating evidence when he looked in appellee's [yard]. [Cit.]" *State v. Webb*, 193 Ga. App. 2, 5 (2) (386 SE2d 891) (1989).

It follows that the trial court erred in holding that the Fourth Amendment required that a search warrant issue before the officer was authorized to drive down a public street to determine whether contraband was exposed to public view. " 'The essential purpose of the Fourth Amendment is to shield the citizen from unwarranted intrusions by the government upon his privacy. [Cits.] "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." [Cits.] Consequently, a police officer who observes contraband in plain view is entitled to seize it, so long as he is at a place where he is entitled to be, i.e., so long as he has not violated the defendant's Fourth Amendment rights in the process of establishing his vantage point. [Cits.]' [Cit.]" *State v. Zackery*, supra at 319.

After observing the marijuana plant from the public street, the officer was not then required to obtain a search warrant to authorize his actual entry upon appellee's property and his seizure of that contraband. " 'The "plain view" exception to the warrant requirement is based on the theory that the discovery of the particular incriminating evidence is not the result of a search. . . . "Plain view" is perhaps better understood . . . not as an independent "exception" to the Warrant Clause, but simply as an extension of whatever the prior justification for an officer's "access to an object" may be. The principle is grounded on the recognition that when a police officer has observed an object in "plain view," the owner's remaining interests in the object are merely those of possession and ownership[.] [Cit.] Likewise, it reflects the fact that requiring police to obtain a warrant once they have obtained a first-hand perception of contraband, stolen property, or incriminating evidence generally would be a "needless inconvenience". . . .' [Cit.]" *Mitchell v. State*, 181 Ga. App. 470-471 (352 SE2d 647) (1987).

The contraband in the instant case was not discovered pursuant to a search and was validly seized pursuant to the "plain view" exception. It follows that the trial court erred in granting appellee's motion to suppress.

*Judgment reversed. Pope and Johnson, JJ., concur.*

DECIDED JUNE 9, 1992 —
RECONSIDERATION DENIED JUNE 23, 1992 —

*Dupont K. Cheney, District Attorney, Michael T. Muldrew, Assistant District Attorney*, for appellant.
*David G. Hammock*, for appellee.