A94A0216. GALBREATH v. THE STATE.
A94A0217. CRAFT v. THE STATE.
(443 SE2d 664)

BIRDSONG, Presiding Judge.

Dale Kendall Galbreath and Greg Felton Craft were jointly tried before a jury and found guilty of manufacturing marijuana in violation of OCGA § 16-13-30 (j) (1). Each appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdicts of guilt. Their separate appeals arising out of that joint trial are hereby consolidated for disposition in this single opinion.

Toombs County police received an anonymous tip that Galbreath and Craft were growing marijuana in the woods off Toombs County Road 90. Aerial surveillance confirmed the existence of what appeared to be marijuana plants growing on either side of that road. On the ground, police left the road and entered the woods, discovering therein numerous marijuana plants in various stages of development: trays of seedlings in yellow paper cups notable for a floral pattern; young plants in five-gallon plastic buckets with "Texaco" labels; and mature plants of up to four feet in height growing in the ground. Police walked up to Galbreath's trailer and received his permission to search the grounds. Sixteen paper cups with a floral pattern identical to those found in the woods were in Galbreath's truck. Six of these cups contained marijuana seedlings two inches tall. In a utility shed, police discovered more paper cups and a five-gallon plastic bucket with a Texaco label exactly like those found in the woods containing marijuana plants. GBI Agent Evans thereafter went to Craft's trailer, in adjoining Montgomery County. No one answered Evans' knock at the door. Evans walked around toward the back to make certain no one was home. He noticed numerous red plastic lids with Texaco labels scattered on the ground and also saw a Texaco five-gallon plastic bucket capped with one of the red lids. Evans also noticed and seized several floral-patterned paper cups containing small sprouting plants of what appeared to Evans to be marijuana.

## Case No. A94A0216

1. Galbreath's sole enumeration of error complains of the trial court's refusal to give his written request to charge on possession of less than one ounce of marijuana as a lesser-included offense to the charge of manufacturing marijuana. The evidentiary support for this request to charge is the fact that six seedlings in paper cups, identical to the seedlings discovered in the woods, were found in the back of Galbreath's truck. These six were identified at trial as weighing less than one ounce.

In *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550), the Georgia Supreme Court expressly disapproved of that line of authority which had held that a lesser-included offense need not be charged unless the evidence showed that the defendant was guilty *only* of the lesser crime, and held that "[t]he correct rule is that a written request to charge a lesser included offense must *always* be given if there is *any* evidence that the defendant is guilty of the lesser offense." (Emphasis supplied.) However, Galbreath's contention that the trial court erred in refusing his written request on misdemeanor possession assumes that possession of the marijuana found in his truck is in fact a lesser offense included within the indicted crime of manufacturing the marijuana found in the woods.

"The term, 'manufacture' is defined by the Code section to mean 'the production, preparation, propagation, compounding, conversion, or processing of a controlled substance, either directly or indirectly by extraction from [controlled] substances of natural origin, or independently by means of chemical synthesis. . .,' OCGA § 16-13-21 (15); while 'production' is defined to include 'the manufacture, planting, cultivation, growing, or harvesting of a controlled substance.' OCGA § 16-13-21 (24). Thus, the Code section [proscribing the manufacture of marijuana] applies by its express terms to the cultivation or planting of marijuana. [Cits.]" *State v. Hunt*, 201 Ga. App. 327 (411 SE2d 273). Possession of marijuana is not a necessary element of the crime of knowingly manufacturing marijuana by cultivating or planting, and so misdemeanor possession is not a lesser offense included in the crime of manufacturing as a matter of law, within the meaning of OCGA § 16-1-6. Nor, in this case, are the marijuana seedlings found in Galbreath's truck proof of a lesser offense included as a matter of fact in the indicted crime of manufacturing the marijuana growing in the woods. "The evidence showed only that [Galbreath] either grew the marijuana or he did not. It would not support a third legal alternative, that he merely possessed [the seedlings] but did not [at the same time] grow [them]." *Holland v. State*, 205 Ga. App. 695, 699 (5) (423 SE2d 694). Accordingly, Galbreath's request to charge on misdemeanor possession as a lesser-included offense to the crime of manu-

facturing marijuana was not adjusted to the evidence and the trial court did not err in refusing to give this inapplicable instruction.

### Case No. A94A0217

2. Craft moved to suppress from evidence a red plastic Texaco bucket lid and several small marijuana plants in floral-patterned paper cups seized from his home, claiming that the police conducted a warrantless search. The trial court determined that these items were admissible within the "plain view" exception to the requirement of a search warrant. The denial of this motion to suppress is enumerated as error. On appeal, Craft contends that the "plain view" exception to the requirement of a search warrant is inapplicable here because the GBI agent was in a position to view the lids and marijuana seedlings only by pretext.

Only Agent Evans of the GBI testified at the suppression hearing. After the consensual search of Galbreath's trailer, Evans went to Craft's trailer. When no one answered his knock at the front door, Evans walked around toward the back to make certain no one was home. On his way, he saw the lids and marijuana plants in plain sight.

The Georgia constitutional provisions regarding search and seizure, Art. I, Sec. I, Par. XIII, are substantially the same as the Fourth Amendment provisions of the U. S. Constitution. *Sears v. State*, 262 Ga. 805, 807 (3) (426 SE2d 553). "[I]t is the general rule that a warrant is required to *search* the curtilage. The yard immediately surrounding one's dwelling is well within the curtilage. [Cit.]" (Emphasis supplied.) *Black v. State*, 119 Ga. App. 855, 857 (2) (168 SE2d 916). However, " '[i]t has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence.' [Cit.]" *Peek v. State*, 239 Ga. 422, 426 (2) (238 SE2d 12). The "plain view" exception to the warrant requirement is based on the analysis that the particular item of incriminating evidence has *not* been discovered as the result of a search. "Plain view" is best understood not as an independent exception to the Warrant Clause but simply as an extension of whatever prior justification might exist for an officer's access to an object or situation. *State v. Echols*, 204 Ga. App. 630, 631 (420 SE2d 64). The "plain view" doctrine "does not give an officer *carte blanche* to pick up any article his eyes may light upon, but where he is [lawfully on the] premises and while properly there sees in plain view what may be evidence relating to, and instrumentalities of, a crime in the immediate vicinity of [contraband], the preservation of the evidence may be justified under the 'exigent circumstances' rule." *Gainey v. State*, 132 Ga. App. 870, 871 (2) (209 SE2d 687).

*Horton v. California*, 496 U. S. 128 (110 SC 2301, 110 LE2d 112) modified the criteria that must exist before the "plain view" doctrine is applicable to authorize a warrantless seizure of evidence under the Fourth Amendment to the U. S. Constitution and perforce Art. I, Sec. I, Par. XIII of the Ga. Const. of 1983. Compare *State v. Brooks*, 160 Ga. App. 381 (287 SE2d 95) and *Mooney v. State*, 243 Ga. 373, 383 (1) (254 SE2d 337), applying an element of "inadvertence" to the discovery and warrantless seizure of contraband or incriminating evidence. Those modified criteria are: (1) that there must be a prior valid intrusion onto a person's property before evidence is observed and seized; (2) discovery of the evidence must be the result of its being in plain view and not the result of an investigatory search; and (3) it must be immediately apparent that the item seized is evidence or contraband. *Horton v. California*, supra at 136. See also *State v. Almand*, 196 Ga. App. 40 (395 SE2d 609), holding that the "[i]nadvertence" requirement has been abolished. "All three criteria have been met in the instant case." *State v. Brooks*, supra. " 'The [GBI agents and police] officers were perfectly entitled to go to appellant's [front] door, ring the bell, and inquire as to his whereabouts. They were not trespassers in so doing.' [Cit.]" *Gilreath v. State*, 247 Ga. 814, 820 (1) (279 SE2d 650). Nor did Agent Evans become a trespasser merely by walking around to the back of the house to determine whether anyone was home, after receiving no response at the front door. *State v. Lyons*, 167 Ga. App. 747, 748 (307 SE2d 285). [S]uch an officer is merely taking the same route as would any guest or other caller. [Cits.]" *State v. Zackery*, 193 Ga. App. 319, 320 (387 SE2d 606). The discovery of the contraband in plain view would not violate appellant's rights under the federal or Georgia Constitutions even though the officer might have suspected that he would find incriminating evidence when he walked around to check at the back door. See *State v. Echols*, supra at 631. The evidence authorized the determination that the contraband and red plastic Texaco lids corresponding to the plastic Texaco bucketsful of marijuana previously found in the woods were in plain view and were discovered without resort to an investigatory search, while the officer was in a lawful vantage point. The incriminating character of the lids which corresponded to the buckets holding marijuana in the woods was immediately apparent as was the contraband nature of the marijuana plants. Accordingly, the trial court's determination is not clearly erroneous and is affirmed. *Johnson v. State*, 233 Ga. 58 (209 SE2d 629).

3. After GBI Agent Evans testified about the suspected marijuana discovered at Craft's home, Craft moved for a mistrial on the basis that Evans' testimony was evidence of a separate crime because it occurred in a different county than that in which the marijuana was found growing in the woods. Craft argued that a mistrial was de-

manded because the State failed to seek pretrial permission to introduce such "separate crimes" evidence, in compliance with Uniform Superior Court Rule 31.3 (B), and that the unauthorized introduction of such "separate crimes" evidence impermissibly placed his character in issue. The denial of his motion for mistrial is enumerated as error.

Evidence discovered at Craft's home, implicating him in the ongoing scheme to plant and cultivate numerous marijuana plants, was evidence of the res gestae and as such is expressly excluded from the procedural requirements applicable to separate but similar crimes. Uniform Superior Court Rule 31.3 (E); *Grace v. State*, 262 Ga. 746, 747 (1) (425 SE2d 865). Substantively, the State is entitled to present evidence of the entire res gestae and such evidence is not rendered inadmissible despite the fact that the character of the accused is incidentally implicated. *Chambers v. State*, 250 Ga. 856, 859 (2) (302 SE2d 86). The trial court did not err by overruling Craft's motion for mistrial.

*Judgments affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 15, 1994 —
RECONSIDERATION DENIED MAY 2, 1994.

Nathan B. Deaton, for Galbreath.
*Alan P. Layne*, for Craft.
*Richard A. Malone, District Attorney, William S. Askew, Assistant District Attorney*, for appellee.