A96A2343. THE STATE v. DAVID et al.
(484 SE2d 278)

JOHNSON, Judge.

Pursuant to OCGA § 5-7-1 (4), the state appeals the trial court's grant of motions to suppress evidence filed by Daniel William David, James Dee Mullins, Barney R. Phillips, and Kerri Nichole Vaschon. These defendants were charged with trafficking in cocaine, possession of cocaine with intent to distribute, possession of marijuana, and possession of LSD after police found the drugs in an apartment the defendants occupied.

The evidence at the hearing on the motions to suppress showed that Statesboro police officer J. C. Smith answered a call requesting assistance from Dr. James Hood, who managed an apartment complex. Hood believed unauthorized persons were occupying one of the apartments and asked Officer Smith to accompany him to that apartment. Smith testified that they went to the apartment and Hood knocked on the door. At that point, Smith stated, "Dr. Hood knocked on the door. A white female opened the door. When she opened the door I could see what I know as a marijuana pipe sitting on the table. She then stepped back, picked up the marijuana pipe and went to conceal it. At that point Dr. Hood started into the apartment and the

door opened further and I could see what appeared to be a bag of marijuana sitting on the table. At that point I told everybody [in the apartment] to sit down and I called for [another officer] to come over and assist." Officer Smith further testified that he received no verbal permission to enter the apartment, although someone said, "Come in" when Hood knocked.

Hood's testimony contradicted Smith's. According to Hood, he knocked, and a young man came to the door. Hood explained his concerns about unauthorized visitors in the apartment, and the young man said, "Come right in."

On appeal, the state contends the trial court improperly relied on *Carranza v. State*, 266 Ga. 263 (467 SE2d 315) (1996), in which the Supreme Court clarified that, absent consent or exigent circumstances, police need to obtain a warrant before searching a private residence even where an offense occurs in an officer's presence. Id. at 268. We agree that *Carranza* is distinguishable on its facts, as the case involved electronic surveillance and the use of an informant unknown to the residents of the house. Any alleged misapplication of *Carranza*, however, does not affect the outcome in this case.

The state correctly asserts that a criminal defendant has no privacy right in contraband or instrumentalities of a crime which are in "open view" and exposed to the public or which a police officer views from a place he is legally entitled to be. See *State v. Echols*, 204 Ga. App. 630 (420 SE2d 64) (1992); *State v. Zackery*, 193 Ga. App. 319 (387 SE2d 606) (1989). In this case, Officer Smith had the right to stand in the public area outside the apartment door and was legally entitled to see the marijuana and marijuana pipe when the door was opened. See *Jenkins v. State*, 223 Ga. App. 486, 487 (1) (477 SE2d 910) (1996) (police may enter on private property to knock at a door). However, "while the characterization of an observation as a non-search plain view situation settles the lawfulness of the observation itself, it does not determine whether a seizure of the observed object would likewise be lawful." 1 LaFave, Search & Seizure 399, § 2.2 (a) (3rd ed. 1996). "[N]ot only must the officer be lawfully located in a place from which the object can be plainly seen, but he or she must also have a lawful right of access to the object itself." *Horton v. California*, 496 U. S. 128 (110 SC 2301, 110 LE2d 112) (1990); see id. at 137, n. 7. See *Coolidge v. New Hampshire*, 403 U. S. 443, 468 (91 SC 2022, 29 LE2d 564) (1971) ("[E]ven where the object is contraband, this Court has repeatedly stated and enforced the basic rule that the police may not enter and make a warrantless seizure" absent exigent circumstances); accord *Carranza*, supra at 267 (1). See also *Merriman v. State*, 201 Ga. App. 817, 821 (1) (412 SE2d 598) (1991), cited with approval in *Carranza*, supra (where officers saw marijuana growing in open view on defendant's property, proper procedure

would be to obtain search and arrest warrants before seizing contraband).

As *Carranza* makes clear, a warrant is required to enter a private residence and seize evidence or make an arrest unless the entry is with consent or exigent circumstances excuse the officer from taking the time to obtain a warrant. Id. at 268. Thus, the issues before the trial court were whether Smith had consent to enter[1] or whether exigent circumstances excused him from taking the time to obtain a warrant. See id.

Each of these issues is one of fact. *State v. Williams*, 212 Ga. App. 164, 165 (1) (441 SE2d 501) (1994); *State v. Pidcock*, 160 Ga. App. 643 (287 SE2d 647) (1981) (exigent circumstances). It is the trial court's duty to determine issues of fact and credibility on a motion to suppress, and we will not disturb those findings unless they are clearly erroneous. *Allenbrand v. State*, 217 Ga. App. 609 (1) (458 SE2d 382) (1995). Smith and Hood, the state's only two witnesses on these key issues, contradicted each other concerning who opened the apartment door, the actions taken by the person who opened the door, and whether consent to enter was given. Furthermore, the trial court's determination that Hood had no authority to enter the apartment or consent to a search of the apartment is not clearly erroneous. Under these circumstances, the trial court did not err by determining that the state did not carry its burden of showing that the warrantless entry was consensual or justified by exigent circumstances. See *Hall v. State*, 216 Ga. App. 807, 808 (1) (456 SE2d 56) (1995); see generally *Roberts v. State*, 175 Ga. App. 326, 329 (1) (333 SE2d 189) (1985) (opening a door in response to a knock does not establish genuine consent to enter an apartment).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MARCH 6, 1997 —
RECONSIDERATION DENIED MARCH 18, 1997 — 

*R. J. Martin III, District Attorney, Michael T. Muldrew, Assistant District Attorney*, for appellant.

---

[1] We note the trial court appears to have mistakenly analyzed whether the officer had the consent of the apartment's lessee, who was not present at the time of the incident. The correct analysis is whether the defendants themselves, or one of them having joint control of the apartment, consented to the officer's entry. See *Smith v. State*, 264 Ga. 87, 88 (2) (441 SE2d 241) (1994).

*Turner & Pool, John R. Turner, Jack B. Williamson, Jr., F. Gates Peed, Gary L. Mikell*, for appellees.