A97A2450. JESTER v. THE STATE.
(494 SE2d 284)

BLACKBURN, Judge.

John Robert Jester appeals his conviction for possession of cocaine, arguing that (1) the trial court erroneously admitted his prior criminal record into evidence; (2) the trial court erroneously admitted evidence seized during a warrantless search; and (3) the trial court erroneously denied his motion for a new trial. Jester was indicted for possession of cocaine and possession of cocaine with intent to sell. After a jury trial, he was found guilty on the charge of possession of cocaine but not guilty on the charge of intent to sell.

On July 11, 1996, officers of the Rome Metro Task Force received a tip from a confidential informant that Ben Pinson, a known drug dealer, had crack cocaine in his possession. Arriving at the location given to them, the officers saw Pinson, Jester, and two other men standing in front of the house of Joyce Ferguson, Jester's mother. As the officers pulled up, Jester, Pinson, and the others ran around to the back of the house, whereupon Jester, Pinson, and one other man ran inside. Running around the opposite side of the house, Officer Rodney Clemones pursued the men to the rear thereof and walked up to the back door. After Jester entered the rear door, Clemones heard Ferguson yelling at the men to leave her home. Since the main door was open, Clemones was able to see inside the house through a closed screen door. At that point, Clemones saw Jester throw an object into the freezer. According to Clemones, he then asked Ferguson for permission to enter the house and search the freezer, and she consented verbally. Upon searching the freezer, Clemones found a small medicine bottle containing crack cocaine, and Jester was taken into custody. Following the search of her freezer, Ferguson signed a con-

sent form on which a notation was made that she had previously given verbal consent. During his trial, Jester maintained that the cocaine belonged to Pinson, who threw the medicine bottle into the sink when he entered the house. Jester testified that he then took the medicine bottle and tried to hide it in the freezer because he was afraid that his mother would get into trouble.

1. Jester first contends that the trial court erred by admitting his prior criminal record into evidence in violation of OCGA § 24-9-20 (b), which indicates that "no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." At trial, Jester was asked, "Were you working with Ben Pinson selling drugs?" Jester responded, "No, sir. I do not sell drugs. I wasn't even working — I wasn't working with Ben Pinson." Following this testimony, the State asked that Jester's 1993 conviction for possession of cocaine with intent to distribute be admitted because "[Jester had] just point-blank said he does not sell drugs, and that is contradicted by his — by this conviction." The trial court admitted the prior conviction evidence on the basis that Jester's answer, when compounded with his defense that he was just trying to protect his mother, brought his character into question.

The State concedes that Jester's statement was not enough to put his character into evidence. See *Sanders v. State*, 199 Ga. App. 671, 672-673 (3) (405 SE2d 727) (1991) (statement by defendant that he did not do drugs insufficient to put character in evidence). However, "[t]here are numerous instances where the state may properly offer evidence that the defendant has committed prior crimes for a purpose other than to show the defendant is a person of bad character. The fact that such evidence may reflect adversely on the defendant does not place his character 'in issue' within the meaning of OCGA § 24-9-20 (b)." (Citations omitted.) *Jones v. State*, 257 Ga. 753, 759 (1) (c) (363 SE2d 529) (1988). "Under *Bland v. State*, 198 Ga. App. 671, 672 (402 SE2d 782) (1991), [Jester's] statement that he did not [sell drugs] could be construed as a denial that he had ever been involved in any cocaine-related offenses so as to render admissible for purposes of impeachment (by disproving the facts testified to by defendant) evidence that he had previously been convicted of possession of cocaine [with intent to sell]." (Punctuation omitted.) *Buchanan v. State*, 215 Ga. App. 143, 145 (2) (449 SE2d 660) (1994). Therefore, evidence of Jester's prior conviction was appropriately admitted in order to impeach specific testimony. Although the trial court admitted the evidence on grounds other than impeachment, "[w]e have consistently held that a correct decision of a trial court will not be reversed, regardless of the reasons given therefor." (Punctuation omitted.) *Ely v. State*, 192 Ga. App. 203, 205 (4) (384 SE2d

268) (1989).

2. Jester also contends that the trial court erroneously denied his motion to suppress the bottle of cocaine retrieved from his mother's freezer as the fruit of an unconstitutional search. "When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Punctuation omitted.) *Sutton v. State*, 223 Ga. App. 721, 722 (1) (478 SE2d 910) (1996). We find that denial of Jester's motion to suppress was proper.

Specifically, Jester argues that the arresting officers improperly entered upon the curtilage of Ferguson's home, that the officers entered the home without a warrant and without the existence of exigent circumstances, and that Ferguson did not consent to the search of her freezer until after it took place. The information provided by the known confidential informant on which the task force officers were acting was sufficient to create a reasonable, articulable basis for stopping Pinson at the scene. *D'Angelo v. State*, 223 Ga. App. 558, 559 (1) (479 SE2d 384) (1996). Officer Clemones' testimony showed that the confidential informant had given reliable information on several occasions, and Pinson and the others were exactly where the informant had predicted them to be. When the suspects fled from the approaching officers and a routine stop became impossible, Clemones legally pursued Pinson, Jester, and the others. "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow . . . a criminal to escape." (Punctuation omitted.) *Stiggers v. State*, 151 Ga. App. 546, 547 (260 SE2d 413) (1979). Clemones was justified in chasing Pinson and the others into Ferguson's backyard.

At the hearing on the motion to suppress, Officer Clemones testified that Ferguson gave him verbal consent to come inside and search her freezer before he entered her house. Furthermore, Ferguson freely signed a consent form indicating that this verbal consent had been given. Although Ferguson testified at the hearing that she never gave consent to the search until after it had occurred, "[i]t is the trial court's duty to determine issues of fact and credibility on a motion to suppress, and we will not disturb those findings unless they are clearly erroneous." *State v. David*, 225 Ga. App. 541, 543 (484 SE2d 278) (1997). The trial court found that the evidence supported the conclusion that Ferguson consented prior to the search, and we will not disturb that finding. Accordingly, we need not consider the issue of exigent circumstances.

3. Jester further contends that the trial court erred in denying

his motion for a new trial because his conviction was not supported by sufficient evidence. "On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Jester] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

Viewing the evidence in the light most favorable to uphold the jury's verdict, we find it sufficient to authorize a rational trier of fact to find Jester guilty beyond a reasonable doubt of possession of cocaine. Officer Clemones testified that he saw the pill bottle containing the crack cocaine in Jester's possession before he threw it into his mother's freezer, and Jester subsequently admitted to hiding it. "A person who knowingly has direct physical control over a thing at a given time is in actual possession of it." (Punctuation omitted.) *Allen v. State*, 191 Ga. App. 623, 624 (2) (382 SE2d 690) (1989). As such, the verdict was supported by sufficient evidence. The fact that witnesses for the defense testified that the drugs did not belong to Jester does not change this result. "Although there was conflicting evidence presented by [Jester] regarding his involvement with the cocaine, it is the function of the jury, not the appellate court, to resolve conflicts in the testimony and determine the credibility of witnesses." (Citations and punctuation omitted.) *Lester*, supra at 378 (4).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 19, 1997.

*Shaw, Maddox, Graham, Monk & Boling, Thomas H. Manning,* for appellant.
*Tambra P. Colston, District Attorney, Fred R. Simpson, Assistant District Attorney,* for appellee.