A97A2022. GATES v. THE STATE.
(495 SE2d 113)

POPE, Presiding Judge.

Defendant Ronald Howard Gates was charged with possession of cocaine and manufacturing marijuana after officers seized cocaine and drug paraphernalia from his home and nine marijuana plants from his backyard during the execution of a search warrant. The defendant filed a motion to suppress the evidence seized during the search. At the suppression hearing, the State was unable to produce the affidavit supporting the issuance of the warrant, and presented instead the testimony of one of the procuring officers who testified about the circumstances surrounding the issuance of the warrant. That officer, a member of the Gwinnett County Sheriff's Department Drug Task Force, testified that on August 5, 1996 his office received an anonymous tip that defendant was growing marijuana in his backyard. The officers obtained permission from defendant's neighbor to view defendant's backyard from that adjacent property, and observed approximately three or four of what appeared to be growing marijuana plants on defendant's property. On August 6, 1996 the officers obtained a warrant to search defendant's yard and residence,

and on August 7 or 8, 1996,[1] the officers executed the warrant.

The trial court found no probable cause for the issuance of the warrant to search defendant's home, and granted defendant's motion to suppress the contraband items seized from there, but denied the motion to suppress the marijuana plants seized from the backyard. We granted defendant's application for interlocutory review to determine whether that evidence also should have been suppressed.

Defendant argues the evidence should be suppressed because the State failed to introduce the affidavit used to obtain the warrant at the suppression hearing. We agree with the defendant that the State is required to introduce the affidavit supporting the issuance of the search warrant in response to a motion to suppress challenging the sufficiency of the affidavit and validity of the warrant. "[W]hen a motion to suppress is made on one of the three statutory grounds, challenging the validity of a search and seizure with a warrant, the burden of showing that the search and seizure were lawful shall be on the state. This burden upon the State is satisfied by production of the warrant *and its supporting affidavit*, and by showing either by those documents or by other evidence that the warrant is not subject to the statutory challenge alleged." (Emphasis supplied.) *State v. Slaughter*, 252 Ga. 435, 439 (315 SE2d 865) (1984). The State concedes that the supporting affidavit "had to be before the court hearing the motion for consideration as to the existence of probable cause at the time the search warrant was issued," but posits that the failure of the State to introduce the warrant at the hearing on defendant's motion did not require suppression of the contraband in this case.

(a) The State argues that the officers were entitled to seize the marijuana plants when they first observed them in plain view from defendant's neighbor's yard, and that therefore under the "independent source" doctrine, the fact that the subsequent seizure under a warrant may have been "defective" should not require suppression of the evidence.

"The [s]tate correctly asserts that a criminal defendant has no privacy right in contraband or instrumentalities of a crime which are in 'open view' and exposed to the public or which a police officer views from a place he is legally entitled to be. See *State v. Echols*, 204 Ga. App. 630 (420 SE2d 64) (1992); *State v. Zackery*, 193 Ga. App. 319 (387 SE2d 606) (1989)." *State v. David*, 225 Ga. App. 541 (484 SE2d 278) (1997). In this case, the officers observed the marijuana from a place they were legally entitled to be, because they had obtained

---

[1] The officer testified he executed the warrant on August 7, but the return of service attached to the warrant indicated it was executed on August 8.

defendant's neighbor's consent to enter that property. "However, 'while the characterization of an observation as a non-search plain view situation settles the lawfulness of the observation itself, it does not determine whether a seizure of the observed object would likewise be lawful.' 1 LaFave, Search & Seizure 399, § 2.2 (a) (3rd ed. 1996). '(N)ot only must the officer be lawfully located in a place from which the object can be plainly seen, but he or she must also have a lawful right of access to the object itself.' *Horton v. California,* 496 U. S. 128 (110 SC 2301, 110 LE2d 112) (1990); see id. at 137, n. 7. See *Coolidge v. New Hampshire,* 403 U. S. 443, 468 (91 SC 2022, 29 LE2d 564) (1971) ('[E]ven where the object is contraband, this Court has repeatedly stated and enforced the basic rule that the police may not enter and make a warrantless seizure' absent exigent circumstances); accord *Carranza* [*v. State,* 266 Ga. 263, 267 (1) (467 SE2d 315) (1996)]. See also *Merriman v. State,* 201 Ga. App. 817, 821 (1) (412 SE2d 598) (1991), cited with approval in *Carranza,* supra (where officers saw marijuana growing in open view on defendant's property, proper procedure would be to obtain search and arrest warrant before seizing contraband). As *Carranza* makes clear, a warrant is required to enter a private residence and seize evidence or make an arrest unless the entry is with consent or exigent circumstances excuse the officer from taking the time to obtain a warrant. Id. at 268." (Indention omitted.) *State v. David,* 225 Ga. App. at 542, 543.

It is obvious that there were no exigent circumstances that would have justified a warrantless seizure of the marijuana growing in defendant's backyard in this case. Indeed, the drug task force officers waited two to three days after observing the marijuana to execute the warrant. Likewise, no issue of consent is presented by the facts of this case. Thus, we cannot conclude, as the State would have us do, that obtaining a warrant to search the premises was unnecessary, and that, therefore, any defect in the warrant was meaningless.

(b) The State also argues that it complied with *Slaughter* by attaching the affidavit to a subsequently filed brief. In support of this argument the State cites *Bowman v. State,* 205 Ga. App. 347 (422 SE2d 239) (1992), in which this Court held that the defendant was not harmed by the State's failure to produce evidence at the outset of the suppression hearing when the defendant had attached the warrant and affidavit to his motion to suppress and produced these documents at the hearing. But *Bowman* does not support the State's position. In *Bowman,* because the warrant and affidavit were introduced at the hearing, although by the defendant instead of the State, the defendant "was not deprived of any opportunity to confront and cross-examine witnesses [about the contents of the supporting affidavit]." Id. at 348. But in this case, submitting the affidavit to the Court

after the suppression hearing does deprive defendant of these rights, and we decline to find that this procedure comports with the requirement of *Slaughter*. The judgment of the trial court denying defendant's motion to suppress is reversed.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED DECEMBER 8, 1997.

*Peevy & Lancaster, Donn M. Peevy,* for appellant.

*Daniel J. Porter, District Attorney, Donald P. Geary, Assistant District Attorney,* for appellee.