A98A0398. PAUL v. THE STATE.
(499 SE2d 914)

BLACKBURN, Judge.

Travis Lee Paul appeals his convictions of two counts of simple assault. Paul contends that the evidence was insufficient to support the verdict.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Paul] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson [v. Virginia]* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." (Punctuation omitted.) *Jester v. State*, 229 Ga. App. 490, 493 (494 SE2d 284) (1997).

So viewing the evidence, the State established that Paul, a 43-year-old male, was living with his parents when he began making nonverbal threats toward them. Paul acted like he was shooting his parents between the eyes by pointing his index finger at them and making a noise like a gun going off. Paul also made slashing motions directed at his parents. Paul was trained in martial arts and was a marksman in the Special Forces. On one occasion, Paul put on his

martial arts pants and swung a sword over a chair in the dining room. Mrs. Paul, who was home alone with the defendant when she witnessed these actions, became so afraid that she slept in the family camper in the backyard. At trial, she admitted that she believed that if she had stayed in the house that night, the defendant would have hurt her.

Paul's nonverbal threats became more frequent and more violent. Paul acted like he shot his parents, he kicked in the door to an outbuilding, and he kicked the side of his father's truck. Each time that Mr. Paul confronted the defendant about drinking alcohol, he got violent. Mr. Paul was afraid that the defendant would hurt him or his wife. Mr. Paul testified that he was afraid that the defendant would either shoot them, cut them, or beat them. The evidence also established that the defendant had access to guns and knives in the house.

Pursuant to OCGA § 16-5-20 (a), "[a] person commits the offense of simple assault when he either: (1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury." It is a jury question as to whether the victims' apprehension was reasonable. See *Richards v. State*, 222 Ga. App. 853, 855 (1) (c) (476 SE2d 598) (1996). In the present case, both victims testified that they were afraid of Paul and that he had the capability of carrying out what he was threatening. See *McGee v. State*, 165 Ga. App. 423, 425 (3) (299 SE2d 573) (1983) (victim's testimony that she felt she was in tremendous danger, combined with other circumstances, supported conviction for simple assault). Therefore, having reviewed the record in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Paul guilty of simple assault beyond a reasonable doubt. See *Jackson v. Virginia*, supra.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 24, 1998.

*Mario S. Ninfo*, for appellant.
*Alan A. Cook, District Attorney, William K. Wynne, Jr., Assistant District Attorney*, for appellee.