## A98A1422. WILLIS v. THE STATE.
(505 SE2d 570)

POPE, Presiding Judge.

James Willis, Jr., appeals from his convictions of possessing cocaine with intent to distribute, possessing a firearm during the commission of a crime, carrying a concealed weapon and having an improper license plate. He challenges the trial court's denial of his motion to suppress evidence seized from his car and motel room.

At the motion to suppress hearing, the two arresting officers were the only witnesses. They testified that they saw Willis drive his car away from a motel where he was renting a room. The officers stopped the car because it had a broken taillight and a car dealer's temporary license plate. According to one of the officers familiar with Willis and the car, the temporary plate had been on the car for more than thirty days. While the officers questioned Willis, he told them that he had a loaded handgun underneath the front car seat and that he did not have a permit for the gun. One of the officers looked in the car and found the gun. The officers arrested Willis for carrying a concealed weapon, impounded his car and conducted an inventory search of the car. During that search they found cocaine in the car trunk.

One of the officers then went back to the motel and told the manager that Willis had been arrested. The manager said that he wanted to remove Willis' things from his motel room and asked the officer to accompany him. They went to the room, and the manager unlocked and opened the door. The officer, while standing outside the room, saw cocaine on a nightstand in the room. The officer then entered the room and seized cocaine from the nightstand.

Contrary to Willis' arguments, the officers' testimony provided a substantial basis for the trial court's denial of his motion to suppress.

1. Willis argues the court erred in refusing to suppress the evidence seized from his car because the stop of his car for traffic violations was pretextual. "The United States Supreme Court has held, however, that when an officer sees a traffic offense occur, a resulting traffic stop does not violate the Fourth Amendment even if the officer

has ulterior motives in initiating the stop, and even if a reasonable officer would not have made the stop under the same circumstances. [Cit.] In other words, if the driver of a stopped car has broken a traffic law, no matter how relatively minor, a motion to suppress evidence can no longer be based on the argument that the stop was pretextual — at least under federal law. [Cits.]" *Brantley v. State*, 226 Ga. App. 872, 873 (1) (487 SE2d 412) (1997).

In the present case, the trial court was authorized to conclude from the officers' testimony that the initial stop of Willis' car was a valid traffic stop for the broken taillight (OCGA § 40-8-23) and the expired temporary dealer's license plate (OCGA §§ 40-2-8; 40-2-20). See *Sanders v. State*, 226 Ga. App. 565, 566 (2) (487 SE2d 115) (1997); *Burtts v. State*, 211 Ga. App. 840, 841 (440 SE2d 727) (1994); *Lopez v. State*, 184 Ga. App. 31, 32 (1) (360 SE2d 722) (1987). Even if the officers had an ulterior motive in making the traffic stop, they did not violate the Fourth Amendment. See *Buffington v. State*, 229 Ga. App. 450, 451 (494 SE2d 272) (1997). Because there was no federal constitution violation and because Willis has made no claim based on the state constitution, we uphold the trial court's refusal to suppress evidence seized from the car on the ground of an alleged pretextual stop. See *Taylor v. State*, 230 Ga. App. 749, 750-751 (1) (b) (498 SE2d 113) (1998); *Brantley v. State*, 226 Ga. App. at 873 (1).

2. Willis claims the court erroneously ruled that the officer was authorized by the plain view doctrine to make a warrantless seizure of evidence from his motel room. The plain view doctrine requires, among other things, that the discovery of the evidence be inadvertent. *Pickens v. State*, 225 Ga. App. 792, 794 (1) (b) (484 SE2d 731) (1997). Willis contends that the court should have found that the officer's discovery of cocaine in the motel room was not inadvertent because there is evidence which contradicts the officer's testimony that he saw the cocaine in plain view on the nightstand in the room.

The existence of conflicting evidence does not require a reversal of the trial court's ruling. "The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them." (Citations and punctuation omitted.) *Lambright v. State*, 226 Ga. App. 424-425 (487 SE2d 59) (1997). Here, the officer's testimony supports the trial court's finding that the discovery of the cocaine was inadvertent. We therefore will not disturb the finding.

"[The officer's] sighting of the cocaine occurred only when [the motel manager] consented to open the door, and the discovery was inadvertent. From [the officer's] position at the doorway, a place

where he was lawfully entitled to be, he saw what he reasonably believed was in all likelihood cocaine. [The officer] was rightfully standing before the open doorway of the motel room [at the motel manager's request] when he saw the contraband. A police officer may seize what is in plain sight if, as here, he is in a place where he is constitutionally entitled to be." (Citations and punctuation omitted.) *Pickens v. State*, 225 Ga. App. at 795 (1) (b). Accordingly, the trial court did not err in denying the motion to suppress evidence found in plain view in the motel room.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED AUGUST 27, 1998.

*Anthony O. Van Johnson*, for appellant.

*J. Tom Morgan, District Attorney, Lawrence Delan, Robert M. Coker, Assistant District Attorneys*, for appellee.