### A08A0052. THE STATE v. WATSON.
(666 SE2d 90)

RUFFIN, Presiding Judge.

The State appeals the trial court's grant of Tilena Watson's motion to suppress marijuana found at her home. For reasons that follow, we vacate and remand.

Where the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to these undisputed facts de novo.[1] So viewed, the evidence shows that on July 20, 2005, the Department of Family and Children Services ("DFCS") received a report that Watson was growing marijuana in her yard and breastfeeding her infant while using drugs. DFCS relayed the information to Investigator Laura Bishop of the Dawson County Sheriff's Department. According to Bishop, she had previously accompanied DFCS workers to homes to "assist when they make initial contact" when there were "concerns for [the workers'] safety or concerns that there

---

[1] See *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

may be illegal drugs or contraband in the home." On July 21, 2005, Bishop accompanied Lorie Cashin, a DFCS employee, to Watson's home.

Investigator Bishop did not see any vehicles in the carport of the home when she arrived with Cashin. Bishop approached the house, walked up to the front porch, and knocked on the door, but no one responded. Bishop testified that "[b]ecause it was such a big house, sometimes people are in the back part of the house and don't hear a door in the front," so she went around the house to the back door, where she observed "what [she] thought to be marijuana plants" growing by the steps.

Another officer obtained a search warrant, and the authorities searched the property and recovered marijuana, scales, and other drug paraphernalia. The police then arrested Watson and charged her with manufacturing and possessing marijuana. Watson filed a motion to suppress, arguing that Bishop's entry into her back yard was unlawful, and the trial court granted the motion in a one-sentence order.

On appeal, the State contends that the trial court erred in granting the motion to suppress because Bishop's entry into the rear of Watson's property was a valid intrusion and her subsequent discovery of the marijuana falls under the plain view doctrine.

Objects within the plain view of an officer who is in a lawful position are subject to seizure and may be introduced into evidence.[2] The plain view rule applies only if (1) the initial intrusion which afforded the plain view was lawful, (2) the discovery of the evidence was inadvertent, and (3) the incriminating nature of the evidence was immediately apparent.[3]

Here, the only question is whether Bishop's presence in the back yard was an unlawful invasion of Watson's privacy expectation such that the evidence seized was the fruit of an illegal search. The protection of the Fourth Amendment turns on whether a person has a reasonable expectation of privacy in the area searched.[4] This Court has "held that police may approach the side door or the back door of a residence . . . under certain circumstances, such as . . . where no one answers the front door."[5] Under other circumstances, however,

---

[2] See *Galbreath v. State*, 213 Ga. App. 80, 82 (2) (443 SE2d 664) (1994).

[3] See *Coolidge v. New Hampshire*, 403 U. S. 443, 464-473 (91 SC 2022, 29 LE2d 564) (1971); *State v. Lyons*, 167 Ga. App. 747, 748 (307 SE2d 285) (1983).

[4] See *Katz v. United States*, 389 U. S. 347 (88 SC 507, 19 LE2d 576) (1967); *Espinoza v. State*, 265 Ga. 171, 172 (2) (454 SE2d 765) (1995).

[5] *King v. State*, 289 Ga. App. 461, 464 (2) (657 SE2d 570) (2008). See also *Phillips v. State*, 279 Ga. App. 243, 244-245 (630 SE2d 844) (2006) (officers could approach rear of defendant's home after receiving no response at front door); *Galbreath*, supra at 82-83 (after no one

an officer's entry into a person's back yard is not permissible, such as to secure the property or for the purpose of instigating a search.[6]

Given Watson's argument below, it appears that the trial court may have erroneously concluded that an officer's approach to a person's back door after failing to get a response to a knock at the front door is per se unreasonable.[7] The trial court would have been authorized, however, to grant the motion to suppress if, after evaluating the credibility of the witnesses, it concluded that Investigator Bishop entered Watson's back yard to instigate a search for the reported marijuana.[8] But the trial court's reasoning is not apparent from the order, which simply grants the suppression motion. Given the uncertainty regarding the basis for the ruling, we vacate the order granting Watson's motion to suppress and remand the case to the trial court.[9]

*Judgment vacated and case remanded. Andrews and Bernes, JJ., concur.*

DECIDED JULY 3, 2008 —
RECONSIDERATION DENIED JULY 23, 2008.

*Lee Darragh, District Attorney, Matthew C. Dalrymple, Michael D. Morrison, John G. Wilbanks, Jr., Assistant District Attorneys*, for appellant.
*Whitmer & Law, George H. Law III*, for appellee.

---

answered front door, police were authorized to walk around to the back of the house to determine whether anyone was home).

[6] See *Morgan v. State*, 285 Ga. App. 254, 259 (1) (a) (645 SE2d 745) (2007); *Kirsche v. State*, 271 Ga. App. 729, 732 (611 SE2d 64) (2005) (officers wrongfully entered back yard where defendant had already responded to knock at front door).

[7] See *King*, supra.

[8] See *Morgan*, supra; *Kirsche*, supra.

[9] See *Morgan*, supra; *Quick v. State*, 279 Ga. App. 835, 837-838 (632 SE2d 742) (2006).