## A08A0473. JOHNSON v. THE STATE.

(665 SE2d 431)

MIKELL, Judge.

Following a bench trial, the court found Joshua Johnson guilty of possessing more than one ounce of marijuana. In his sole enumeration of error on appeal, Johnson contends that the trial court erred in denying his motion to suppress. Because certain of the items seized should have been suppressed, we reverse the judgment of the trial court and remand for a new trial.

> When reviewing a trial court's order on a motion to suppress, we apply the "any evidence" standard: A trial court's order on a motion to suppress will not be disturbed if there is any evidence to support it, and the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. We construe all evidence presented in favor of the trial court's findings and judgment.[1]

So viewed, the record shows that Johnson rented room 215 at a Super 8 Motel in March 2005. On March 30, 2005, Jennifer Duncan, a general manager at the motel, called police to report complaints the motel had received about possible illegal activity in room 215 and to request that police patrol the motel.

Police Officer Kenneth Ford responded to the request. Upon reaching the motel, Ford spoke with two men sitting in a car in the parking lot who informed him that they were at the motel to purchase marijuana. When Ford conveyed this information to the manager, she asked the officer to accompany the female desk clerk to the room while the clerk evicted Johnson. Ford agreed. As Ford and the desk clerk approached the room, Ford smelled burnt marijuana. The clerk knocked on the door, but received no response. The clerk then unlocked the door and asked another law enforcement officer to open it. After the door was opened, Ford immediately saw two pipes commonly used for smoking marijuana. The clerk then asked the officers to enter the room to ensure no one was inside because she was afraid to go into the room. Ford entered the motel room to check the bathroom, and he saw "in plain sight" a large baggie containing what appeared to be marijuana. Ford found additional marijuana in a jacket pocket and underneath the bed. Several hours later, Johnson returned to the motel, at which point he was arrested.

---

[1] *State v. Gray*, 285 Ga. App. 124 (645 SE2d 598) (2007), citing *State v. Starks*, 281 Ga. App. 15 (635 SE2d 327) (2006).

Johnson moved to suppress the marijuana evidence discovered in his motel room, arguing that police lacked probable cause to search the motel room and that exigent circumstances did not justify the search. The trial court denied the motion, noting that the officers' entrance into the room was initiated by motel personnel and concluding that since the officers were legally entitled to be in the public area outside of the room when they observed the smoking devices in plain view, the subsequent search and seizure were permissible.

On appeal, Johnson argues that the search of the room was unlawful because the officers did not have authority to enter the motel room when they had no search warrant, no consent to enter, or exigent circumstances that justified their warrantless intrusion. Although the United States Supreme Court has held that the consent of a motel employee to the search of a motel room does not validate the search,[2] there is no Georgia precedent or binding federal precedent which makes it unlawful for the police to *enter* a motel room upon the request of motel employees to ensure the safety of the employees. In the case at bar, the motel general manager called the police to investigate suspicious activity. The officer entered the motel room at the explicit request of the motel desk clerk while she was attempting to evict the room's occupants. She was concerned for her safety. As Officer Ford testified, "She asked me pointedly to check the room to make sure nobody was in it." Assisting motel owners and employees in this manner should be a normal and lawful aspect of police work. This is not a case in which the room was occupied and the occupants refused to allow the police to enter, and the police entered the room despite the lack of consent.[3]

> The plain view doctrine authorizes seizure of illegal or evidentiary items visible to a police officer only if the officer's *access* to the object itself has some prior Fourth Amendment justification. A police officer may only seize what is in plain sight if he is in a place where he is constitutionally entitled to be.[4]

---

[2] See, e.g., *Stoner v. California*, 376 U. S. 483 (84 SC 889, 11 LE2d 856) (1964); *United States v. Jeffers*, 342 U. S. 48 (72 SC 93, 96 LE 59) (1951); *Lustig v. United States*, 338 U. S. 74 (69 SC 1372, 93 LE 1819) (1949).

[3] See generally *State v. Jones*, 269 Ga. App. 325 (604 SE2d 228) (2004) (grant of motion to suppress proper where defendant did not freely and voluntarily consent to a warrantless search).

[4] (Punctuation and footnotes omitted; emphasis in original.) *Leon-Velazquez v. State*, 269 Ga. App. 760, 762-763 (1) (605 SE2d 400) (2004).

We consider the plain view doctrine on a case-by-case basis.[5] " 'Plain view' is best understood not as an independent exception to the Warrant Clause but simply as an extension of whatever prior justification might exist for an officer's access to an object or situation.'"[6] Here, the entry of the police into the room was lawful, and we find that the seizure of whatever contraband was in plain view was also lawful.

As the trial court concluded, when the officers observed the smoking devices in plain view, they were in a place where they were legally entitled to be. The two pieces of evidence in plain view were the pipes, which were observed from outside the door, and the "baggy" with visible marijuana, which was observed by Deputy Segars while the officers were on the way to the bathroom. But other evidence was seized which was not in plain view. The baggy and the marijuana which were in the jacket pocket, which jacket was hanging not in the bathroom but outside the bathroom door, and the marijuana found under the bed, were products of a *search*, and therefore the latter two items of evidence were seized illegally and should be suppressed. Accordingly, the judgment should be reversed and the matter remanded for a new trial.

*Judgment reversed and case remanded. Barnes, C. J., Johnson, P. J., Blackburn, P. J., Smith, P. J., Andrews, Miller, Ellington and Bernes, JJ., concur. Ruffin, P. J., Phipps and Adams, JJ., dissent.*

RUFFIN, Presiding Judge, dissenting.

Because I believe that the majority is disregarding Supreme Court precedent, I dissent.

As both this court and the United States Supreme Court have made clear, "[o]ccupied motel rooms are afforded the same considerations under the Fourth Amendment as private homes."[7] Thus, law enforcement cannot search a motel guest's room, *even with the consent of motel management*, absent a warrant or exigent circumstances.[8] Here, the trial court found that Officer Ford went to Johnson's motel room at the request of the desk clerk while she evicted Johnson, which she was authorized to do.[9] And, while

---

[5] *State v. Peterson*, 273 Ga. 657, 658 (543 SE2d 692) (2001).

[6] (Punctuation omitted.) *Lindsey v. State*, 247 Ga. App. 166, 169 (1) (543 SE2d 117) (2000), citing *Galbreath v. State*, 213 Ga. App. 80, 82 (2) (443 SE2d 664) (1994).

[7] *Elliot v. State*, 274 Ga. App. 73, 76 (2) (616 SE2d 844) (2005); see also *Hoffa v. United States*, 385 U. S. 293, 301 (87 SC 408, 17 LE2d 374) (1966) ("A hotel room can clearly be the object of Fourth Amendment protection as much as a home or an office.").

[8] See *Stoner v. California*, 376 U. S. 483, 487-489 (84 SC 889, 11 LE2d 856) (1964); *Teal v. State*, 282 Ga. 319, 322 (2) (647 SE2d 15) (2007).

[9] See OCGA § 43-21-3.1 (b) (permitting innkeepers to terminate occupancy without notice).

standing at the motel room door — a place where he was authorized to stand — Ford both smelled burnt marijuana and saw what he believed to be marijuana pipes in plain view. However, these facts do not justify Ford's decision to *enter* the motel room. And I am unpersuaded by the majority's contention that he was entitled to do so simply because the motel clerk was concerned for her safety. Rather, I believe that, in order to enter the room, Ford needed a warrant, valid consent, or exigent circumstances.[10] And none of these conditions exists in the case before us.[11]

Even if Ford could have seen the pipes and the marijuana from his vantage point at the door of the motel room, he is not automatically authorized to seize the contraband under the "plain view" doctrine. "[W]hile the characterization of an observation as a non-search plain view situation settles the lawfulness of the observation itself, it does not determine whether a seizure of the observed object would likewise be lawful."[12] As the United States Supreme Court has noted, "not only must the officer be lawfully located in a place from which the object can be plainly seen, but he or she must also have a lawful right of access to the object itself."[13] Here, by virtue of seeing the pipes in plain view, Ford almost certainly would have had probable cause to seek a warrant in order to search the room. But, merely seeing the pipes did not permit his warrantless intrusion into the motel room absent consent or a showing of exigent circumstances.[14] Similarly, Ford was not authorized to seize the marijuana, which he saw on his way to the bathroom.

The majority, however, disregards the United States Supreme Court's language regarding lawful *access* to the contraband. As our courts have noted multiple times, however, "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed."[15] Given that a motel room is afforded the

---

[10] See *Snider v. State*, 292 Ga. App. 180 (663 SE2d 805) (2008).

[11] Indeed, there is no suggestion that Johnson consented to the search, and the State makes no effort to demonstrate the existence of exigent circumstances. Our Supreme Court has held that "the 'presence of contraband without more does not give rise to exigent circumstances.'" *Davis v. State*, 262 Ga. 578, 582 (3) (422 SE2d 546) (1992).

[12] (Punctuation omitted.) *Gates v. State*, 229 Ga. App. 766, 768 (a) (495 SE2d 113) (1997).

[13] *Horton v. California*, 496 U. S. 128, 137 (110 SC 2301, 110 LE2d 112) (1990).

[14] See *Carranza v. State*, 266 Ga. 263, 264-265 (1) (467 SE2d 315) (1996) ("even where probable cause exists, warrantless intrusion of a person's home is prohibited by the Fourth Amendment, absent consent or a showing of exigent circumstances"); *Boldin v. State*, 282 Ga. App. 492, 495 (3) (639 SE2d 522) (2006); *Leon-Velazquez v. State*, 269 Ga. App. 760, 762-763 (1) (605 SE2d 400) (2004); *Pledger v. State*, 257 Ga. App. 794, 798, n. 3 (572 SE2d 348) (2002); *Welchel v. State*, 255 Ga. App. 556, 558 (565 SE2d 870) (2002).

[15] (Punctuation omitted.) *Carranza*, supra at 264; see also *Welsh v. Wisconsin*, 466 U. S. 740, 748 (104 SC 2091, 80 LE2d 732) (1984); *State v. Goodman*, 290 Ga. App. 196, 197 (660

same privacy rights as a private home,[16] it appears that the majority's position that there is no bar to an officer *entering* a motel room is unfounded.

I further note that there are at least two cases from this Court from which it may be inferred that an officer who sees contraband in plain view may then seize the contraband even if it requires entry into an area otherwise protected by the Fourth Amendment. Specifically, in both *Pickens v. State*[17] and *Willis v. State*,[18] we found that a police officer was entitled to seize contraband located inside a motel room that he saw from his vantage point at the door. We failed to analyze whether the law enforcement officers also had lawful right of access to the contraband.[19] In view of the great weight of authority that such warrantless entry into a motel room is improper, I believe these cases should be reversed.[20]

I am authorized to state that Judge Phipps and Judge Adams, join in this dissent.

DECIDED JULY 16, 2008 

*Sean A. Black*, for appellant.
*Robert W. Lavender, District Attorney, Samuel C. Small, Adam C. Schroeder, Assistant District Attorneys*, for appellee.

---

SE2d 21) (2008); *Morse v. State*, 288 Ga. App. 725, 727, n. 5 (655 SE2d 217) (2007); *Smithson v. State*, 275 Ga. App. 591, 594 (1) (621 SE2d 783) (2005); *Curry v. State*, 271 Ga. App. 672, 675 (2) (610 SE2d 635) (2005).

[16] See *Elliot*, supra.

[17] 225 Ga. App. 792 (484 SE2d 731) (1997).

[18] 234 Ga. App. 135 (505 SE2d 570) (1998).

[19] See *Pickens*, supra at 795 (1) (b); *Willis*, supra at 136-137 (2).

[20] Although the majority contends that we need not reach this issue, the State relied upon these two cases in arguing that Ford's search of the motel room was permissible. Under these circumstances, the issue is squarely before us and should be addressed. To hold otherwise would perpetuate the incorrect notion that the entry and search of the motel room were permissible.