## A00A0314. HAMILTON v. THE STATE.
(532 SE2d 118)

JOHNSON, Chief Judge.

Thomas Hamilton was convicted of aggravated assault. In his sole enumeration of error, he claims the trial court erred in submitting the case to the jury because the evidence was insufficient to authorize a conviction. Specifically, he urges that the state failed to prove that he did not act in self-defense, given his testimony that he shot the victim only after the victim and the victim's companion pointed a gun at him. Because the evidence was sufficient to support the conviction, we affirm.

On appeal, we view the evidence in a light most favorable to support the verdict, and an appellant no longer enjoys the presumption of innocence; moreover, we determine the sufficiency of the evidence and do not weigh the evidence or determine witness credibility. *Grant v. State*, 239 Ga. App. 608, 609 (1) (521 SE2d 654) (1999). We review a denial of a motion for a directed verdict of acquittal under the standards set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and determine whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Id. As long as there is some competent evidence on each element necessary to prove the state's case, the jury's verdict will be upheld. *Jackson v. State*, 236 Ga. App. 260, 261 (511 SE2d 615) (1999); see *Knight v. State*, 239 Ga. App. 710, 713 (2) (521 SE2d 851) (1999). Conflicts in the witnesses' testimony are for a jury to resolve. *Jackson v. State*, supra.

Construed most favorably to uphold the jury's verdict, the evidence shows that the victim, Frankie McDaniel, and his friends, John Lewis and Sandus Manuel, were in a nightclub. As McDaniel and his friends were leaving the club, Gary Zipper, whom they knew and did not like, approached them. Zipper showed McDaniel's group that he had a gun under his shirt and said he was going to "do away with" them. Zipper, who was accompanied by his friend Hamilton, followed the group outside. Once outside, Zipper moved his hand under his shirt and asked McDaniel: "[W]hat's up?" McDaniel walked over to Lewis' car and retrieved a gun, which he pointed at Zipper and replied: "[T]his is what's up." Zipper and Hamilton went back inside the club, and McDaniel and his friends left. McDaniel and his companions drove around and went to another nightclub to get something to eat. There McDaniel met more of his friends, including Jerome Rhodes. After eating, McDaniel's group began walking back to their car when a car drove past them. The car turned around and slowly came back toward them with the headlights off. Hamilton leaned out of the window on the passenger side of the car, brandishing a shotgun. He fired the gun at McDaniel, striking him in the

leg. No one in McDaniel's entourage had a gun at the time of the shooting; the gun McDaniel displayed earlier was in Lewis' parked car. Immediately after Hamilton shot McDaniel, Rhodes ran to Lewis' car to retrieve the gun, which he fired into the air as Hamilton's car sped away.

Hamilton took the stand on his own behalf. He testified that as McDaniel's group walked from the second club to their car, Rhodes pointed a gun at the car in which Hamilton was riding. Hamilton stated that he fired the gun at the group in order to protect himself and the others in the car.

Once evidence of self-defense is presented, the burden is on the state to disprove that defense beyond a reasonable doubt. *Manning v. State*, 231 Ga. App. 584, 585 (3) (499 SE2d 650) (1998). Witness credibility is to be determined by the jury, as is the question of self-defense when there is conflicting evidence on the issue. *Russell v. State*, 267 Ga. 865, 866 (1) (485 SE2d 717) (1997). Although Hamilton testified that the shooting occurred only after a member of McDaniel's group pointed a gun at him during the second encounter, the state countered with evidence that the two groups had gone their separate ways and later, at the time of the shooting, McDaniel's group was unarmed and not threatening anyone in Hamilton's group. Thus, there was evidence that the earlier confrontation had ended. The jury was authorized to find from the evidence that, at the time of the shooting, Hamilton did not reasonably believe that firing a gun was necessary to prevent death or great bodily injury to himself or others and that he was not acting in self-defense. See generally *Weems v. State*, 268 Ga. 142, 144 (3) (485 SE2d 767) (1997). The evidence authorized the jury to find Hamilton guilty of aggravated assault beyond a reasonable doubt. See *Jackson v. Virginia*, supra; *Wooten v. State*, 270 Ga. 425, 427 (510 SE2d 813) (1999).

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED MARCH 21, 2000.

*Mark T. Phillips,* for appellant.
*C. Paul Bowden, District Attorney,* for appellee.