A00A0739. SCOTT v. THE STATE.
(533 SE2d 428)

BLACKBURN, Presiding Judge.

Following a jury trial, Douglas William Scott appeals his conviction of possession of cocaine. Scott contends that insufficient evidence was presented to support his conviction and that the trial court erred by: (1) failing to charge on accomplice testimony; (2) allowing the introduction of improper character evidence; and (3) denying his motion for acquittal. For the reasons set forth below, we affirm.

On appeal from a criminal conviction,

the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Punctuation omitted.) *Newman v. State*, 233 Ga. App. 794 (1) (504 SE2d 476) (1998).

Viewing the evidence under this standard, it reveals that Rich-

mond County Deputy Sheriff David Santos stopped the vehicle in which Scott was a front seat passenger because Scott was not wearing a seat belt. Deputy Santos spoke to the driver of the vehicle, Brett Hydrick, who produced his driver's license but was unable to produce proof of insurance. The driver appeared very nervous, "babbling about different things." Hydrick told Deputy Santos that he did not know the passenger's name, that he had just picked him up, and he did not know where he was taking him. Deputy Santos asked Hydrick to step to the back of the vehicle where he continued to question him about Scott. Deputy Santos then questioned Scott, who was very fidgety. Scott said that he and the driver were good friends who had previously worked together. Scott told the deputy that they were just riding around. However, Scott could not tell the deputy the name of the driver. Based on these conflicting statements, Deputy Santos asked Hydrick for permission to search the vehicle. After obtaining consent to search, Deputy Santos found a rock of cocaine, a crack pipe, and a razor blade under the front edge of the passenger seat of the car where Scott had been sitting. Both Hydrick and Scott were arrested for possession of cocaine. After they were handcuffed and put into the back seat of the deputy's car, Scott began attacking Hydrick with his feet.

At trial, Hydrick, who pled guilty to possession of cocaine, testified that he was driving around looking for drugs when Scott waved for him to pull over. Scott obtained some cocaine with Hydrick's money, then joined Hydrick in the car, and they drove around smoking the cocaine from Scott's pipe. Hydrick testified that Scott threatened him several times when he attempted to get Scott to leave the car. After they were both arrested, Scott threatened to kick Hydrick's "a_ _." Scott told Hydrick that he knew people in jail. At the jail, Scott hit Hydrick before they were put into separate cells.

1. This evidence was sufficient to support the jury's determination that Scott possessed cocaine. Scott's argument that he was convicted based solely on the testimony of an accomplice is without merit.

The rule is well established that, to sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty, and are more than sufficient to merely cast on the defendant a grave suspicion of guilt. However, the sufficiency of the corroboration evidence is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration con-

necting a defendant with the crime, the verdict is legally sufficient. The necessary corroboration may consist entirely of circumstantial evidence, and evidence of the defendant's conduct before and after the crime was committed may give rise to an inference that he participated in the crime.

(Citations and punctuation omitted.) *Bradford v. State*, 261 Ga. 833, 834 (1) (412 SE2d 534) (1992). Accord *Williams v. State*, 198 Ga. App. 725 (1) (402 SE2d 796) (1991); *Peabody v. State*, 190 Ga. App. 304 (2) (378 SE2d 712) (1989).

Hydrick's testimony was sufficiently corroborated by Scott's nervous behavior at the time of the traffic stop, his inability to name Hydrick despite his contention that they were friends, his close proximity to the drugs, and his attempts to intimidate Hydrick. Although not sufficient alone to convict Scott, these facts are circumstantial evidence connecting Scott to the possession of the cocaine.

2. In Scott's second enumeration of error, he contends that the trial court erred in failing to charge the jury on accomplice testimony. However, the record reflects that Scott failed to request such a charge. "The trial court did not err in failing to charge the law requiring corroboration of an accomplice's testimony, absent a request to do so." *Thornton v. State*, 264 Ga. 563, 578 (23) (i) (449 SE2d 98) (1994).

3. Scott contends that the trial court improperly allowed the State to cross-examine him with regard to his arrest record. Scott asserts that this improperly put his character into evidence. The record reveals, however, that the State was allowed to cross-examine Scott on his arrest record because he opened the door to such evidence by testifying:

I plead[ed] guilty [to a previous sale of cocaine charge] because I was wrong and I — and I was caught for my wrongness. And I done time for my wrongness, and that was ten years ago. But a person do change. A person can change. I have changed. If you look at my record you can see the only thing I ever had was disorderly conduct from — from arguing.

The prohibition against the [S]tate's introduction of character evidence unless and until the defendant places his own character into issue does not preclude use of evidence to disprove facts testified to by the defendant. *Francis v. State*, 266 Ga. 69, 71 (2) (463 SE2d 859) (1995). The [S]tate is permitted to rebut statements of a defendant who testified at trial by disproving the facts to which the defendant testified. *Bounds v. State*, 207 Ga. App. 665, 666 (428 SE2d 673) (1993).

*Lucas v. State*, 234 Ga. App. 534, 538 (3) (507 SE2d 253) (1998). See also OCGA § 24-9-20 (b).

Pretermitting whether Scott's testimony put his character into issue, testimony that his record contained only a disorderly conduct charge authorized the State to cross-examine him with regard to the numerous charges contained in his record. *Lucas*, supra.

4. The issues raised in Scott's fourth enumeration of error regarding the denial of his motion for directed verdict are not properly before this Court as they were not raised in the trial court. "This Court is a court for the correction of legal errors and has no jurisdiction to address issues that are raised for the first time on appeal." *McDaniel v. State*, 221 Ga. App. 43, 46 (1) (470 SE2d 719) (1996).

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED MARCH 31, 2000.

*Ellis R. Garnett,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.