## A00A1954. EIDSON v. THE STATE.
(543 SE2d 100)

BLACKBURN, Presiding Judge.

Marion Albert Eidson appeals, following a jury trial, his convictions of two counts of burglary, two counts of armed robbery, and two counts of kidnapping. Eidson contends that the trial court erred by denying his motion for directed verdict of acquittal, because the testimony of his alleged accomplice was not corroborated. Because we find there were sufficient corroborating facts and circumstances, we affirm.

On appeal from a criminal conviction,

> we view the evidence in a light most favorable to support the verdict, and an appellant no longer enjoys the presumption of innocence; moreover, we determine the sufficiency of the evidence and do not weigh the evidence or determine witness credibility. *Grant v. State*, 239 Ga. App. 608, 609 (1) (521 SE2d 654) (1999). We review a denial of a motion for a directed verdict of acquittal under the standards set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and determine whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense.

*Hamilton v. State*.[1]

So viewing the evidence, the record shows that David Howard testified that Eidson called to ask him to participate in robbing the home of Frances Walker, the mother of Eidson's girlfriend. Eidson told Howard that he could run in and grab a sack full of money, supposedly drug money, because just two women lived in the house. Howard refused to participate but suggested that Eidson talk to Jeffrey Parham.

On December 24, 1998, Eidson called Howard's home and asked to speak to Parham about the robbery. Howard gave the phone to Parham. Later that evening, Howard saw Eidson and his girlfriend, Lisa Aaron, drive up to his house, and he saw Parham go outside to speak with them. When Parham came back inside the house, he told Howard that he was leaving with Aaron and Eidson to rob the house. When Parham returned the next day, he told Howard they had robbed the house.

Walker, the mother of co-defendant Aaron,[2] testified that, in the early morning hours of December 25, 1998, she was at her home with

---

[1] *Hamilton v. State*, 243 Ga. App. 10 (532 SE2d 118) (2000).
[2] Aaron did not testify at trial.

her daughter Michelle Martinez and her three grandchildren when she heard a loud knock on the door. Martinez answered the knock and told Walker that a man at the door wanted to speak with her. Walker, barely opening the door, saw Parham, whom she did not know at the time. Parham told her that he needed to talk to her because "her daughter and her boyfriend" had been in a serious accident. Walker opened the door a little wider, and Parham forced his way in, brandishing a crowbar. Once inside, Parham forced the two ladies and the grandchildren into the kitchen. He then demanded their money and jewelry. After Parham got the jewelry, a scuffle ensued, and he ran from the house.

Martinez's testimony regarding the robbery was similar to Walker's testimony. In addition, she testified that she followed Parham outside and saw him running in the direction of a nearby convenience store. Martinez called 911 after Parham ran out the door. She suggested to the police officers responding to the call that they look for Aaron's burgundy Cutlass because of Parham's story about the accident. Soon after, one of the officers spotted a car matching Martinez's description. He stopped the car, which was driven by Aaron with Eidson as the passenger.

Eidson, Aaron, and Parham were arrested and indicted. Parham pleaded guilty and testified at Eidson's trial. This appeal addresses only Eidson's convictions.

Parham testified at trial that Eidson called him on December 24 to see if he was interested in helping to rob the home of his girlfriend's mother. Eidson told him that the house had a sack full of money and that it would be a simple job — just run in and grab the money from the two women who lived there. Eidson also told him that he could not do it himself because the women knew him. Parham agreed to do it, so they planned to meet at Howard's home. Later that evening, Eidson and Aaron drove up in a burgundy car. Parham testified that the plan was to drop him off a few doors away from the home, he would rob the house, and then the three would meet at a nearby convenience store to split the money. Eidson gave him a crowbar to use in the robbery. After forcing his way into the house and robbing Walker and Martinez of their jewelry, Parham ran to the convenience store. When Aaron and Eidson failed to show, Parham left.

The jury convicted Eidson of kidnapping, armed robbery, and burglary. Eidson argues that the trial court erred by denying his motion for directed verdict of acquittal, because his convictions were impermissibly obtained based on the uncorroborated testimony of Parham, his alleged accomplice. We disagree.

Although the testimony of a single witness is generally sufficient to establish a fact, in "felony cases where the only witness is an

accomplice, the testimony of a single witness is not sufficient." OCGA § 24-4-8. Nonetheless,

> the sufficiency of the corroboration evidence is peculiarly a matter for the jury to determine. *If the verdict is founded on slight evidence of corroboration connecting a defendant with the crime, the verdict is legally sufficient.* The necessary corroboration may consist entirely of circumstantial evidence, and evidence of the defendant's conduct before and after the crime was committed may give rise to an inference that he participated in the crime.

(Emphasis supplied.) *Scott v. State.*[3]

Here, Howard's, Walker's, and Martinez's testimony provided legally sufficient corroboration to Parham's testimony that Eidson was a party to the crimes. Howard provided testimony regarding Eidson's plan to recruit someone to enter the house and grab the money. Howard's and Parham's testimony regarding what Eidson told them in order to recruit them were similar. Howard also testified that Parham told him the next day that they had gone through with it. Walker's and Martinez's descriptions of the events corroborated Parham's. For example, Martinez saw Parham run toward the convenience store where Parham testified that he and Eidson had planned to meet. Parham testified that Eidson had given him a crowbar to use during the robbery, and Walker and Martinez testified that Parham used a crowbar. This evidence sufficiently connected Eidson with the crimes.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 28, 2000.

*Robert L. Mack, Jr., Patricia F. Angeli,* for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney,* for appellee.

---

[3] *Scott v. State*, 243 Ga. App. 334, 335-336 (533 SE2d 428) (2000).