## A01A0129. SILAS v. THE STATE.
### (545 SE2d 358)

MIKELL, Judge.

Gary Eugene Silas was convicted of aggravated assault and possession of a knife during the commission of a crime. Silas appeals, arguing that the evidence was insufficient to support his conviction. We affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998). We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Williams v. State*, 233 Ga. App. 217 (1) (504 SE2d 53) (1998).

Viewed in the light most favorable to the verdict, the evidence shows that Silas and his wife were walking down Madison Avenue in Albany, when they encountered three teenagers, Decory Bailey, Sequan Davis, and Courtney Jenkins. An argument ensued between the couple and the teenagers. Bailey testified that Silas stabbed him in the arm. He further testified that he did not have a weapon, and that he did not strike Silas. The other two young men, Jenkins and Davis, both testified that Silas stabbed Bailey with a knife, and that all three of them were unarmed. After the incident, Silas left the scene.

On appeal, Silas contends that he acted in self-defense, and that no rational trier of fact could have concluded otherwise based on the evidence presented. We disagree.

OCGA § 16-3-21 (a) provides that: "[a] person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself or a third person against such other's imminent use of unlawful force. . . ." It is well settled that once evidence of self-defense is presented, the burden is on the state to disprove that defense beyond a reasonable doubt. *Hamilton v. State*, 243 Ga. App. 10, 11 (532 SE2d 118) (2000); *Manning v. State*, 231 Ga. App. 584, 585 (3) (499 SE2d 650) (1998).

In the case sub judice, the defendant presented evidence that he acted in self-defense; however, the state rebutted this with evidence that he acted without justification. Significantly, the defendant's wife, Melissa Silas, testified that Bailey struck the first blow, and that her husband was merely defending himself; however, she was impeached by her prior sworn statement that: "[Gary Silas] and some guys was arguing and Gary pulled out a knife and cut the sixteen year old boy for no reason." While Bailey opined that "I believe [Silas] kind of felt that we probably was gonna jump on em [sic] cause I had Courtney and Quan walking behind me," there was substantial evidence that Silas attacked the teenager. All three of the young men testified that they were unarmed, that Silas was the aggressor, and that they did not strike Silas at any time during the incident.

"Witness credibility is to be determined by the jury, as is the question of self-defense when there is conflicting evidence on the issue." *Hamilton*, supra, citing *Russell v. State*, 267 Ga. 865, 866 (1) (485 SE2d 717) (1997). See also *Strange v. State*, 244 Ga. App. 635, 637 (1) (535 SE2d 315) (2000). The jury was free to accept or reject witness testimony that Silas acted in self-defense. See *Knight v. State*, 271 Ga. 557, 559 (1) (521 SE2d 819) (1999).

Next, we consider whether the evidence was sufficient for the jury to find the essential elements of aggravated assault and possession of a knife during the commission of a crime beyond a reasonable doubt. Under OCGA § 16-5-21 (a) (2), an aggravated assault is committed when a person assaults "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." Bailey testified that Silas stabbed him in the arm, and that the knife he observed in Silas' possession was "maybe six or eight inches long with a handle on it." Jenkins and Davis testified that they saw Silas stab Bailey with a large knife. Accordingly, we conclude that the evidence authorized the jury to reject the self-defense claim and to find Silas guilty of the crimes charged.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 2, 2001.

*John P. Cannon,* for appellant.
*Kenneth B. Hodges III, District Attorney, Kenneth A. Dasher, Assistant District Attorney,* for appellee.