## A01A2090. PRICE v. THE STATE.
### (558 SE2d 73)

PHIPPS, Judge.

Franklin Price appeals his conviction for charges of aggravated assault and aggravated battery. He claims that the evidence was insufficient to support the verdict and that the trial court erred by admitting his incriminatory statement into evidence. Because we find that the evidence was sufficient and that Price's statement was properly allowed for impeachment purposes only, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[1] "[M]oreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[2] . . ."[3] Under *Jackson v. Virginia*, we determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Viewed in the light most favorable to the verdict, the evidence showed that on September 23, 1999, Price was living in a motel in Cartersville. On that day, Price borrowed a sport utility vehicle and drove to a local barbershop with Joseph Bruno and Franklin Darby. While leaving the barbershop parking lot, Price got into a verbal dispute with Tracy Carswell after Carswell or his girlfriend, who was driving Carswell's car, honked the horn and told Price to move his vehicle because he was blocking the driveway.

Price then drove to a church parking lot with Bruno and Darby. Carswell followed, and when he arrived several minutes later, he walked to Price's window and began talking. Carswell testified that he was trying to resolve the problem and that he was not using profanity. Price testified that Carswell threatened him. In their taped interviews with police investigator Frazier, which were played for the jury, Bruno and Darby said that Carswell ran to the vehicle, knocked on the window and threatened Price. After this encounter, Price told his passengers that Carswell "don't know who he's messing with."

---

[1] *Newman v. State*, 233 Ga. App. 794 (1) (504 SE2d 476) (1998).
[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Newman*, supra.

Price then drove back to the motel, where Willie Pennyman joined the group in the car. Pennyman had a gun with him when he got into the car. As Price was driving on Hickory Lane, he saw Carswell driving toward him with two passengers. Carswell stopped his car, and Price did the same. Carswell then jumped out and ran toward the vehicle Price was driving. As Carswell reached the rear of Price's vehicle, Price held the gun out the window and began shooting. The first bullet hit Carswell in the arm. As Carswell turned to run away, Price shot him in the back. After the shooting, Price left the scene and took his passengers to a nearby convenience store.

Carswell was transported to the hospital and treated for multiple gunshot wounds. One of the bullets had gone through his left lung, left diaphragm, pancreas and the main vein to his left kidney. During surgery to repair the damage, doctors removed part of Carswell's pancreas and his spleen.

At trial, Price testified that when Carswell was running toward his vehicle, he definitely had a gun in his hand. Carswell and his two passengers testified that Carswell did not have a gun, and none of Price's passengers saw Carswell with a gun. Neither police investigators nor the neighbor who heard the shooting saw a gun on or near Carswell after the incident.

1. Price claims that the evidence was insufficient to support his conviction because there was evidence that he was acting in self-defense when he shot Carswell. However, there was also evidence that Carswell was unarmed and never threatened Price. "Witness credibility is to be determined by the jury, as is the question of self-defense when there is conflicting evidence on the issue."[4] Based on the evidence presented, the jury was authorized to find that at the time of the shooting, Price did not reasonably believe that firing a gun was necessary to prevent death or great bodily injury to himself or others and that he was not acting in self-defense.[5]

2. Price argues that his conviction should be reversed because the trial court admitted his improperly obtained statement into evidence. He concedes that the statement was properly introduced for impeachment purposes, but claims the trial court erred by admitting it into evidence.

The State conceded that there were problems with Price's statement to Frazier and made no attempt to offer it during the presentation of their case. Price subsequently testified and contradicted his statement to Frazier in which he had said that he saw something in Carswell's hand but that he was not sure if he ever saw a gun. On

---

[4] (Citation omitted.) *Russell v. State*, 267 Ga. 865, 866 (1) (485 SE2d 717) (1997); *Hamilton v. State*, 243 Ga. App. 10, 11 (532 SE2d 118) (2000).

[5] *Hamilton*, supra.

rebuttal, the State played the taped statement to the jury, over Price's objection.

Price's statement was admissible for impeachment purposes, even if it was obtained in violation of his *Miranda* rights.[6] At trial, the statement was used to impeach Price and was not offered or admitted into evidence. Thus, Price's claim lacks merit.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 19, 2001.

*Gregory S. Dickson,* for appellant.
*T. Joseph Campbell, District Attorney, Lance T. McCoy, Assistant District Attorney,* for appellee.

---

[6] *Harris v. New York,* 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971); *Campbell v. State,* 215 Ga. App. 14, 16 (4) (449 SE2d 366) (1994).