## A03A1415. COLBERT v. THE STATE.
### (587 SE2d 300)

RUFFIN, Presiding Judge.

A jury found Cynthia Denise Colbert guilty of aggravated battery. Colbert appeals, challenging the sufficiency of the evidence and the trial court's jury instructions. Finding no error, we affirm.

1. In reviewing the sufficiency of the evidence, we do not weigh that evidence or determine witness credibility.[1] Instead, we construe the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

Viewed in this manner, the evidence shows that at approximately 3:00 or 4:00 a.m. on July 21, 2001, Lehman Colbert (the estranged husband of Cynthia Colbert), and his girlfriend, Gloria Grant, were in bed in Lehman's home. Grant woke Lehman because she heard noises around the house. Lehman went outside to investigate. After determining that there was nothing there, he came back into the house and proceeded down the hallway to his bedroom. As his head passed the bedroom doorway, he was shot twice. He testified that the first shot made him feel "numb all over" and that the second shot hit his chin. After the second shot, Colbert stepped into the hallway with a gun in her hand and pushed Lehman down, saying "you're dead now, just go on and fall."

Grant heard the shots and saw Colbert push Lehman to the ground. Colbert then threatened to kill Grant, but she could not get the gun to fire again. After fighting with Colbert both inside and outside the house, Grant ran to a neighbor's house to get help. When a deputy sheriff arrived at Lehman's house, he found Lehman on the floor of the hallway with a large pool of blood around him. Lehman told him that Colbert had shot him twice. As a result of the shootings, Lehman is paralyzed from the neck down.

"A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof."[3] The State presented evidence that Colbert shot Lehman twice and that he is now paralyzed from the neck down as a result. We find that this evidence was sufficient to support the verdict.

---

[1] See *Silas v. State*, 247 Ga. App. 792 (545 SE2d 358) (2001).
[2] See id.
[3] OCGA § 16-5-24 (a).

2. Colbert also alleges that the trial court committed error by failing to charge the jury on accident and misfortune.[4] The record shows that Colbert did not submit a written request to charge on accident and misfortune. Absent a written request, it is not error for the trial court to fail to give an instruction.[5] Even if Colbert had requested a charge on accident and misfortune, there is no evidence in the record to support such a charge.[6]

3. Finally, Colbert alleges that the trial court erred in failing to properly charge the jury on self-defense and using force to prevent a forcible felony. Colbert submitted a written request that the court instruct the jury as follows:

> [a] person is justified in threatening or using force against another if he or she reasonably believes that such threat or force is necessary to defend himself or herself . . . against such other's imminent use of unlawful force; however . . . a person is justified in using force which is intended or likely to cause death or great bodily harm only if he or she reasonably believes that such force is necessary to prevent death or great bodily injury . . . or to prevent the commission of a forcible felony.[7]

Based on a videotaped statement made by Colbert to the police, and by agreement of the parties, the trial court gave the instruction that Colbert requested. Colbert cannot now claim that this instruction was improper because "[o]n appeal, one cannot complain of a judgment, order, ruling, or charge that his own procedure or conduct aided in causing."[8]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 12, 2003.

*Robert M. Bearden, Jr.*, for appellant.

---

[4] OCGA § 16-2-2 provides that "[a] person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence."

[5] See *Graham v. State*, 250 Ga. 473, 476 (5) (298 SE2d 499) (1983). Within this enumeration of error, Colbert asserts that trial counsel erred, or presumably was ineffective, in not making this written request. Because Colbert has not supported this claim with any argument or citation of written authority, however, it is deemed abandoned. See Court of Appeals Rule 27 (c) (2).

[6] See *Scott v. State*, 250 Ga. App. 870 (1) (553 SE2d 276) (2001).

[7] See OCGA § 16-3-21 (a).

[8] *Wright v. State*, 199 Ga. App. 718, 719 (2) (405 SE2d 757) (1991).

*Howard Z. Simms, District Attorney, Myra H. Kline, Assistant District Attorney*, for appellee.