## A07A0233. FIELDS v. THE STATE.
### (646 SE2d 326)

ANDREWS, Presiding Judge.

Justin Fields appeals from his conviction for aggravated assault, arguing that the evidence was insufficient and that the trial court erred when it refused to allow evidence of a witness's prior acts, when it limited an inquiry into a second witness's bias, and when it delivered the charge on aggravated assault. We find no reversible error and affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that in the course of a hostile verbal exchange in a parking lot, the unarmed victim and his brother advanced on Fields, who was standing with a baseball bat in his hand. Fields swung twice at the victim, causing him to lose his balance, and then brought the bat down on the victim's head. Fields then fled on foot and jumped into a friend's car. The bat, which Fields had thrown out of the car window, was recovered in the woods next to a road leading from the

---

[20] See id. at 721-722.
[21] See *Smith*, supra at 264; *Nelloms*, supra; *Nusser*, supra.

fight scene. Fields bragged about the incident at a party that night and told an acquaintance in a car several days later that the acquaintance was "riding with a murderer." After a jury trial, Fields was convicted and sentenced to fifteen years with ten to serve. His motion for new trial was denied.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. The jury was entitled to conclude that Fields was not justified in using force greater than that necessary to defend himself. See *Silas v. State*, 247 Ga. App. 792, 793 (545 SE2d 358) (2001). The evidence was sufficient to sustain Fields's conviction for aggravated assault. See OCGA § 16-5-21 (a); *Jackson*, supra.

2. Fields also argues that the trial court erred when it barred him from introducing evidence concerning the victim's brother's misdemeanor convictions for criminal trespass and family violence battery. We disagree. These convictions did not involve dishonesty, and were also useless for the purpose of supporting Fields's self-defense theory, since the brother remained behind as Fields advanced on the victim. See OCGA § 24-9-84.1 (a) (3) (evidence of conviction for crime "shall be admitted if it involved dishonesty"); *Martin v. State*, 268 Ga. 682, 683-684 (2) (492 SE2d 225) (1997) (trial court did not abuse discretion in denying continuance to obtain copies of witness's convictions where defendant failed to show that they could have been used for impeachment or any other purpose). There was no error here.

3. We agree that the trial court erred when it barred cross-examination of the witness who heard Fields brag about the incident concerning pending felony charges against that witness. See OCGA § 24-9-68 ("The state of a witness's feelings toward the parties and his relationship to them may always be proved for the consideration of the jury."); *Watkins v. State*, 276 Ga. 578, 581 (3) (581 SE2d 23) (2003) (defense was entitled to cross-examine witness about pending charges for purpose of exploring bias). We find it highly probable that the error did not contribute to the jury's verdict, however, because this witness was not present at the scene of the crime, and because his testimony concerning Fields's statement at the party was put in doubt by another witness. See *Letlow v. State*, 222 Ga. App. 339, 342-343 (2) (474 SE2d 211) (1996) (erroneous restriction of inquiry

into witness's bias did not likely contribute to guilty verdict where that witness's testimony did not contradict the victims' direct testimony concerning the crime).

4. Finally, we reject Fields's contention that the trial court's charge was erroneous in that it was inconsistent with the indictment. The indictment accused Fields of assaulting the victim "with a wooden bat[-]like object . . . which when used offensively against another results in serious bodily injury. . . ." Fields contends that the trial court reinserted the "intent to murder" element in its charge concerning assault with a deadly weapon. This argument is belied by the record, which Fields misquotes. The trial court charged the jury in relevant part as follows:

> A person commits the offense of aggravated assault when that person assaults another person with intent to murder, rape, or rob, *or, secondly, as in this instance, with a deadly weapon, or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in a serious bodily injury.*

(Emphasis supplied.) The trial court also instructed the jury that the "lethal character" of the instrument used could be inferred from "the nature and extent of the injury," and that

> [w]hether or not under all the facts and circumstances of this case the wooden bat *alleged in this bill of indictment* . . . did, in fact, constitute a deadly weapon *as alleged* is a matter to be determined by you, the jury, from the evidence in this case.

(Emphasis supplied.) Referencing the indictment itself, this charge properly directed the jury to determine whether Fields's use of the baseball bat amounted to assault with a deadly weapon, and therefore to aggravated assault as alleged in the indictment. There was no error here. See *Lumpkin v. State*, 249 Ga. 834, 836 (2) (295 SE2d 86) (1982) (taken as a whole, a charge setting out two alternative methods of committing crime was cured by more specific portion concerning crime charged in indictment).

The trial court did not err when it denied Fields's motion for new trial.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED MAY 10, 2007.

*Peter D. Johnson,* for appellant.

*Daniel J. Craig, District Attorney, Madonna M. Little, Assistant District Attorney,* for appellee.