61325. THE STATE v. BROWN et al.

BIRDSONG, Judge.
Search and seizure. Kenny Brown and Vickie Brannen are charged with violations of the Georgia Controlled Substances Act. Brown additionally was charged with driving under the influence of intoxicants, making improper turns, driving without a license, and driving while his license was suspended. Ms. Brannen additionally was charged with public drunkenness. Prior to indictment, both defendants have moved to suppress certain evidence and for a Jackson-Denno hearing on the voluntariness of certain statements. At the preliminary hearing, the trial court suppressed the evidence and the motion for the Jackson-Denno hearing was abandoned. The state brings this appeal to the suppression of the evidence. *Held:*
The evidence relevant to this appeal indicates that police officers were alerted that a man and a woman on the premises of a service station appeared to be drunk. A police vehicle was dispatched to investigate the report. The officers observed Ms. Brannen in the vicinity of the service station building walking toward what later

proved to be her vehicle. She was staggering and to all appearances, was intoxicated. Ms. Brannen entered her car, being operated by the defendant Brown. Brown drove the car to the edge of the service station property where there was an exit-entrance driveway bordering a four-lane state highway. Brown pulled the car half-way into the curb lane of the highway, with the rear half still in the driveway of the service station. While stopped, he drank from what the officer could see was a beer can. The car stayed in the driveway in the half-in/half-out position for several minutes. All the while, the police vehicle was stopped immediately behind Brannen's vehicle which was under full observation of the police officer. Brown then pulled on across the remaining lanes of the highway and turned left, proceeded a few feet, and turned right into another service station on the other side of the four-lane highway immediately across from the first station. At no time did Brown utilize any type of signal to indicate his intent to make a turn. The police officer followed Brown across the highway and activated his blue light as Brown turned into the second station. Brown dismounted his vehicle and was seen to be staggering as he walked back to the police officer's car. In the officer's opinion, Brown definitely was intoxicated. Brown was asked for a driver's license but could not produce one. Both Brown and Brannen were then arrested, he for driving while under the influence, improper turns, and driving without a license; she for public drunkenness. Because both were obviously intoxicated, it was determined to transport both defendants to jail in a police car and impound Brannen's car. The second officer drove Ms. Brannen's car. After arriving at the station, Brown repeatedly insisted that his black wallet was in the car and that his driver's license was in the wallet. A NCIC check indicated to the arresting officer that Brown's license had been suspended. Nevertheless, Brown continued to insist that his wallet was in the car with the license in it. Eventually, the arresting officer stated to Brown that he (the officer) would go to the car in the impounding lot and look in the car to see if the wallet and license could be found. On arriving at the impounding lot, the officer either opened the door or found the door open (the record is not clear) and looked in the front seat area for a black wallet, but did not see it. The officer was still standing outside the vehicle. He then glanced into the back seat area for the wallet. As he looked into the back of the car, the officer observed among much jumbled material, a brown paper bag with the top open. He immediately observed a glassine bag in plain view which contained green grassy material, which the officer from past experience believed to be marijuana. Without entering the vehicle the officer reached his hand into the brown bag and removed the glassine bag which he could see. The bag contained what appear-

ed to be marijuana and pills which the officer also believed to be a prohibited drug. The officer then obtained a search warrant and as a result of the ensuing search, found numerous bags of marijuana and pills in the brown bag.

Appellants urge that the act of the police officer in reaching into the back seat area of the car amounted to a search of the vehicle and that as there were no exigent circumstances, there was no authority to pursue a warrantless search. Moreover, because the officer went to look solely for a wallet, appellants argue that the search cannot be justified as the result of an inventory or as incident to the arrest of Ms. Brannen or Brown. In a well written and reasoned order, the trial court agreed with the arguments of appellants' counsel and suppressed the product of the search.

We reverse. It is not disputed that both Brown and Brannen were lawfully arrested. The car was lawfully impounded and was properly parked in the impounding lot at the police station. There is no contention that the police officer did not have an absolute right to be in the impounding lot or that he did not have a right to look into the car for a black wallet. Lastly there is no contention that the contents or at least the uppermost contents of the brown bag were not in plain view. The only argument of the appellants and the finding of the trial court is that the reaching into the opened car to remove contraband that was in plain view constitutes a search and in the absence of exigent circumstances that search had to be authorized by a warrant. This argument is tantamount to one that even where an officer is, for instance, in a bedroom lawfully, and sees contraband in plain view in an open closet, the officer may not seize the contraband without first obtaining a search warrant.

This contention has been considered and rejected by this court. A police officer may seize what is in plain sight if, as here, he is in a place where he is constitutionally entitled to be. Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726); Harris v. United States, 390 U. S. 234 (88 SC 992, 19 LE2d 1067); Green v. State, 127 Ga. App. 713, 715 (194 SE2d 678). Where what is accomplished is nothing more than such a plain view seizure, there is no search at all. Grimes v. United States, 405 F2d 477 (5th Cir. 1968); Lewis v. State, 126 Ga. App. 123 (190 SE2d 123). Under the facts of this case, the contraband was immediately apparent to the officer so that the "plain view" doctrine was fully applicable. Cook v. State, 134 Ga. App. 712, 715 (3) (215 SE2d 728). See Chambers v. State, 154 Ga. App. 620, 628 (6) (269 SE2d 42); Parks v. State, 150 Ga. App., 446, 447 (1) (258 SE2d 66); Bryan v. State, 137 Ga. App. 169, 170 (D) (223 SE2d 219); Lentile v. State, 136 Ga. App. 611, 614 (222 SE2d 86); Brewer v. State, 129 Ga. App. 118, 119 (199 SE2d 109). It follows that the trial court erred in

concluding that a *search* occurred and in accordance with that conclusion applied the legal principles that are applicable to a search. Under the facts, the officer made a *seizure* of contraband which was in plain view on police property, and thus no violation of any rights afforded protection under the Fourth Amendment occurred.

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED APRIL 17, 1981.

*Kenneth R. Carswell, Assistant District Attorney,* for appellant.
*Henry Ross, Jack Friday,* for appellees.