## 62572. THE STATE v. BROOKS et al.

SOGNIER, Judge.

The state appeals the ruling of the trial court granting the Brooks' motion to suppress evidence.

About 10:00 p.m. on September 22, 1980 police officer Mark Lanford was dispatched to appellees' residence to investigate an anonymous complaint of gambling. Lanford walked up the driveway at appellees' home; as he reached a gate in a fence separating the driveway from appellees' yard and house, Mrs. Brooks came out on the porch and asked Lanford what he was doing there. Lanford asked Mrs. Brooks if she had called the police, and she said no. Lanford started to leave and as he was walking down the driveway to his car, he observed what he believed to be a marijuana plant growing in appellees' yard. He then shined his flashlight on the plant; concluding it was marijuana, he confiscated the plant and arrested appellees. The trial court granted the appellees' motion to suppress the marijuana evidence, and the state appeals that decision.

Both parties rely on Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564), which set forth three criteria that must exist before the "plain view" doctrine is applicable. Those criteria are (1) that there must be a prior valid intrusion (onto a person's property) before the evidence is observed and seized; (2) discovery of the evidence must be inadvertent; and (3) it must be apparent that the item seized is evidence or contraband. All three criteria have been met in the instant case.

Appellees contend there was no valid intrusion onto the Brooks' property in this case because the police officer had no probable cause to proceed onto the property. We know of no requirement, and appellees have cited none, that a police officer have probable cause to investigate a complaint of illegal activity in progress. Thus, the police officer here was in a place where he was lawfully entitled to be at the time he saw the marijuana plant. "A police officer may seize what is in plain sight if, as here, he is in a place where he is constitutionally entitled to be. [Cit.]" *State v. Brown,* 158 Ga. App. 312, 314 (279 SE2d 755) (1981). The trial court apparently applied the legal principles applicable to a *search* in this case, when in fact, the officer made a

*seizure* of contraband which was in plain view. Thus, no violation of any Fourth Amendment rights occurred (Id., at 315), and it was error to grant appellees' motion to suppress evidence.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

Decided November 13, 1981.

*Hinson McAuliffe, Solicitor, George M. Weaver, Paul C. McCommon, Assistant Solicitors,* for appellant.
*Richard M. Maddow,* for appellee.