## 66201. THE STATE v. LYONS.

CARLEY, Judge.

The state appeals the granting of appellee's motion to suppress.

The evidence adduced at the suppression hearing was as follows: Two police officers went to appellee's residence in response to what they termed an "animal" complaint. Officer Walker testified that he and the other officer walked into the frontyard of appellee's residence, intending to make their presence known at the front door. However, they were unable to do so because of a locked wooden fence that enclosed the entire front porch of the residence. There was no response to the officers' knocks on the door to the fence. It appeared to the officers that the house was occupied because there was an automobile parked in the carport, and lights were on inside the house. The police officers also noticed that the television set was on inside the house, although it is unclear whether this observation occurred while they stood at the door to the wooden fence or some later time. Based upon their belief that the residence was occupied, the officers walked around the side of the house in order to reach the back door. In doing so, the officers walked through the carport, beyond a fence, and up a few steps onto a back porch. As they were waiting for a response to their knocks on the back door, the officers noticed that there was a greenhouse attached to the house. They then saw what appeared to be marijuana plants growing inside the greenhouse. The suspected marijuana plants were visible to the officers from the porch through a crack between the door and the frame to the greenhouse and also through the fans of the greenhouse. After making this observation, the officers returned to the front of the house and called the narcotics

division. A search warrant was obtained and executed. Appellee was arrested and charged with the possession of more than one ounce of marijuana in violation of the Georgia Controlled Substances Act. Appellee successfully moved to suppress the marijuana seized from his greenhouse on the ground that the officers were illegally trespassing in his backyard at the time they discovered the contraband.

The state asserts that the "plain view" doctrine is applicable in the instant case, and that the contraband was therefore properly seized. Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564) (1971) sets forth the criteria which must exist before the "plain view" doctrine may be applied. "Those criteria are (1) that there must be a prior valid intrusion (onto a person's property) before the evidence is observed and seized; (2) discovery of the evidence must be inadvertent; and (3) it must be apparent that the item seized is evidence or contraband." *State v. Brooks,* 160 Ga. App. 381 (287 SE2d 95) (1981). There is no doubt that the second and third of these "plain view" criteria are present in the instant case. The sole issue is whether there was a "prior valid intrusion" by the officers.

Contrary to appellee's assertions, the police officers did *not* need probable cause to proceed onto his property merely to investigate a complaint. "We recognize, of course, that 'the Fourth Amendment extends beyond the paradigmatic entry into a private dwelling by a law enforcement officer in search of the fruits or instrumentalities of crime' [Cit.]. But it does not extend so far as to prevent the police from making any contact with the citizenry — and to hold that the police may not, upon request, although exigent circumstances do not appear, approach the outer doors of a dwelling absent a warrant or consent of an owner or occupant would work that result." *Gilreath v. State,* 247 Ga. 814, 819 (279 SE2d 650) (1981). See also *State v. Brooks,* supra.

Appellee further asserts that even if the officers could lawfully enter the frontyard to knock on the wooden fence enclosing the entire front porch, they did not have the authority to walk around to the back door, because that required that they open a gate and enter the backyard of his home. We think that where police officers responding to a complaint are unable to elicit a response at the front door of a residence reasonably believed to be occupied, a subsequent entry into the backyard to reach the back door, is a "valid intrusion" onto the property. See *State v. Brooks,* supra at 381. See also *Reed v. State,* 163 Ga. App. 233 (293 SE2d 469) (1982). "In responding to [a] request, the police were authorized to enter the curtilage of the home and knock on the outer doors." *Gilreath v. State,* supra at 821. The instant case does not involve a situation where the police entered the back-

yard with the intention of conducting a warrantless search. Compare *Bunn v. State,* 153 Ga. App. 270 (2) (265 SE2d 88) (1980). Nor does the instant case involve a situation where the police, in answering a complaint, opened a screen door and *entered* a dwelling unannounced. *Brewer v. State,* 129 Ga. App. 118 (199 SE2d 109) (1973). Instead, the police officers who were responding to a complaint merely walked through a gate in order to reach the back door of the dwelling after no one in the apparently occupied house responded to their efforts to make contact through the front door. Where, as in the instant case, contraband is inadvertently seen in plain view by an officer entitled to be in such a vantage point, that contraband is subject to seizure. Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726) (1963). See also *Lewis v. State,* 126 Ga. App. 123, 126 (190 SE2d 123) (1972); *State v. Brown,* 158 Ga. App. 312, 314 (279 SE2d 755) (1981).

Therefore, we find that, under the circumstances, appellee's Fourth Amendment rights were not violated by the initial entry by the police into his back yard. There is no evidence that the officers' subsequent discovery of the marijuana plants was anything other than inadvertent. "Under the facts of this case, the contraband was immediately apparent to the officer so that the 'plain view' doctrine was fully applicable. [Cits.]" *State v. Brown,* supra at 314. "All three criteria [of the 'plain view' doctrine] have been met in the instant case." *State v. Brooks,* supra at 381. The trial court erred in granting appellee's motion to suppress.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 7, 1983.

*Robert E. Wilson, District Attorney, Madeline S. Griffin, Assistant District Attorney,* for appellant.
*August F. Siemon,* for appellee.