## A00A2188. McBRIDE v. THE STATE.

(539 SE2d 201)

ELDRIDGE, Judge.

We granted defendant Harry Wayne McBride's application for discretionary review in this drug[1] case involving the failure to use a turn signal under OCGA § 40-6-123.[2] Defendant now appeals the superior court's denial of his motion to suppress. The only testimony at the suppression hearing was that of the arresting officer, a Liberty County sheriff's deputy, then "working traffic and DUI's" on routine traffic patrol. The deputy testified that shortly after midnight on October 17, 1998, he was attempting to turn left out of an area convenience store's parking lot into the northbound lane of the adjacent roadway. At that time, he observed the defendant at an intersection about 25 yards away as he turned right into the roadway's southbound lane without signaling. In response, the deputy initiated a traffic stop by activating his blue lights; however, the defendant failed to stop immediately, stopping the Nissan pickup he drove over a quarter of a mile farther down the road. When the deputy got to defendant's vehicle on foot, he found the defendant behind the wheel. A young woman sat in the passenger's seat. The deputy advised the defendant that he had stopped him for failure to use his turn signal at the intersection and that "[he] was just going to write him a warning citation and check his driver's license." The deputy further testified that he questioned the defendant and the 14-year-old female, and each stated they were coming from the home of an individual the deputy personally knew to be involved in drug activity. The deputy described the defendant and his passenger as nervous and indicated that after a backup officer arrived on the scene, he did a free air search of defendant's pickup using his drug dog. Thereafter, the drug dog alerted on defendant's door of the vehicle, and the deputy asked for and got the defendant's oral and written consent to search. On searching the vehicle, the deputy found marijuana and cocaine, resulting in the instant charges against the defendant.

In his single enumeration of error, the defendant contends that the superior court erred in denying his motion to suppress for lack of an articulable suspicion supporting the stop, rendering it pretextual.

---

[1] The defendant is charged with one count of possession of cocaine and one count of possession of marijuana, less than an ounce.

[2] OCGA § 40-6-123 pertinently provides:

No person shall . . . change lanes or move right or left upon a roadway *unless* and until *such movement can be made with reasonable safety.* . . . A signal of intention to turn right or left or change lanes *when required* shall be given continuously for a time sufficient *to alert the driver [following to] the rear in the same direction or . . . approaching from the opposite direction.*

(Emphasis supplied.)

We disagree and affirm.

> As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. (Cits.) *Whren v. United States*, 517 U. S. 806, 810 (116 SC 1769, 135 LE2d 89) (1996); *Hines v. State*, 214 Ga. App. 476, 477 (448 SE2d 226) (1994).

(Punctuation omitted.) *Tukes v. State*, 236 Ga. App. 77 (1) (511 SE2d 534) (1999). There is here no dispute that defendant turned right without signaling into the southbound lane of the road that the arresting deputy was preparing to turn onto. The vehicles were in close proximity to each other. It was dark, the time being late. While defendant correctly argues that there was no traffic to his rear and, in a literal sense, no oncoming traffic to his front, the circumstances were such that there was real and palpable danger — this given the potential for sudden "oncoming traffic" upon defendant's failure to use his turn signal in tight quarters, significantly reducing the margin for attendant operator error. We conclude that under these circumstances, defendant's use of his turn signal was required under OCGA § 40-6-123 (b). Since the deputy observed defendant's failure to do so, a traffic violation, there was probable cause to stop defendant's vehicle. Id. Even were the contrary true,

> [i]f [an] officer acting in good faith believes that an unlawful act has been committed, his actions are not rendered improper by a later determination that the defendant's actions were not a crime according to a technical legal definition or distinction determined to exist in the penal statute.

(Punctuation omitted.) *State v. Whitfield*, 219 Ga. App. 5, 7 (463 SE2d 728) (1995), citing *McConnell v. State*, 188 Ga. App. 653, 654 (374 SE2d 111) (1988). The record reflects that the arresting deputy acted in good faith in stopping defendant's vehicle. Consequently, the investigative stop would have been proper in any event.

Further, the superior court specifically found that the traffic stop was not pretextual; that the deputy's patrol car was in close proximity to that of the defendant; that there was probable cause to stop defendant's truck for violation of OCGA § 40-6-123 (b); and that the drug dog's free air alert on the driver's side door of defendant's vehicle was proper, as were the oral and written consents to search given by the defendant. "[A] trial court's order on a motion to suppress will not be disturbed if there is any evidence to support it, and the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous." (Citations and punc-

tuation omitted.) *Tukes v. State*, supra. Because the foregoing findings of the superior court are supported in the record, its denial of defendant's motion to suppress upon claim of a pretextual traffic stop was not clearly erroneous.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 12, 2000 —
RECONSIDERATION DENIED SEPTEMBER 27, 2000 — 

*Ray C. Smith*, for appellant.
*J. Thomas Durden, Jr., District Attorney, Lewis M. Groover, Jr., Assistant District Attorney*, for appellee.