### A08A2063. PRESTON v. THE STATE.
(675 SE2d 553)

PHIPPS, Judge.

This appeal concerns the Fourth Amendment's protection against unreasonable searches when consent to a warrantless search of a residence is given by an occupant other than the defendant. Specifically, we consider whether consent given by an occupant, who is not present at the search, authorizes a search when a co-occupant meets the law enforcement officers at the door and is placed under arrest for an unrelated offense, is not asked to consent to the search, is not informed of the co-occupant's earlier consent, is not given a reason for the search, and does not object to the search. This unusual set of facts presents an issue of first impression. For the reasons set forth below, we find that the search violated the Fourth Amendment, and we thus reverse the conviction of Nkosi Wade Preston, which was based on evidence that should have been suppressed as the fruit of the illegal search.

The material facts are not in dispute, and we review the trial court's application of law to these facts de novo.[1] On October 20, 2002, Stephanie Jones made a complaint about activities of Preston, who shared a residence with her. Jones accused Preston of physically abusing her and of possessing a firearm, drugs, and a large amount of money. Jones also signed a form consenting to a search of their residence. When she consented to the search, Jones was not at the residence or in the presence of Preston.

After obtaining Jones's statement and consent, a law enforcement officer went to the residence. Jones did not accompany him. En route, the officer learned that Preston had an outstanding arrest warrant for a driving violation, and the officer decided to arrest Preston on the warrant when he arrived at the residence.

The officer met a second officer at the residence. The two knocked on the door, announcing themselves as law enforcement officers. When Preston opened the door, an officer told him that he was under arrest on the driving charge and handcuffed him.

While Preston sat handcuffed in the living room, the officers searched the residence. They did not tell Preston the reason for the search or inform him of Jones's consent. Preston did not object to or otherwise comment on the search. While the search was in progress,

---

[1] *State v. Underwood*, 283 Ga. 498, 500 (661 SE2d 529) (2008).

Jones arrived but remained outside the house, where she directed the officers where in the house to look. The officers ultimately found a pistol in the bedroom, $1,300 behind a television set in the living room, and crack cocaine in a hole in a bathroom closet.

Preston moved to suppress this evidence, arguing that he did not consent to the search and that Jones's consent, in light of the subsequent circumstances, did not authorize the search. The court denied Preston's motion and, at a bench trial, convicted Preston of possessing cocaine with intent to distribute.[2]

"To the Fourth Amendment rule ordinarily prohibiting the warrantless entry of a person's house as unreasonable per se, one jealously and carefully drawn exception recognizes the validity of searches with the voluntary consent of an individual possessing authority."[3] This exception applies to consent given by an occupant of the premises against an absent, nonconsenting co-occupant.[4] Preston contends on appeal, however, that this exception does not apply to Jones's consent, because Preston was not an absent, nonconsenting co-occupant, but rather was present but not informed that the search was based on Jones's consent rather than as incident to his arrest. The state, in contrast, contends that Jones's consent authorized the search, notwithstanding the officers' failure to inform Preston of the basis for the search.

Both Preston and the state assert that the United States Supreme Court's decision in *Georgia v. Randolph*[5] supports their respective positions. In *Randolph*, law enforcement officers responding to a wife's complaint asked a husband for consent to search their shared residence. The husband refused, and the officers then asked the wife for consent, which she gave. The *Randolph* court held that, under those circumstances, the "physically present co-occupant's stated refusal to permit entry prevail[ed], rendering the warrantless search unreasonable and invalid as to him."[6] To harmonize this holding with its earlier decisions in *United States v. Matlock*[7] and *Illinois v. Rodriguez*,[8] the *Randolph* Court drew an admittedly "fine line" between two scenarios: "if a potential defendant with self-interest in objecting is in fact at the door and objects, the co-tenant's permission does not suffice for a reasonable search, whereas the potential objector, nearby but not invited to take part in the

---

[2] OCGA § 16-13-30.

[3] *Georgia v. Randolph*, 547 U. S. 103, 109 (II) (126 SC 1515, 164 LE2d 208) (2006) (citations and punctuation omitted).

[4] *United States v. Matlock*, 415 U. S. 164, 170 (II) (94 SC 988, 39 LE2d 242) (1974).

[5] Supra.

[6] Id. at 106.

[7] Supra.

[8] 497 U. S. 177 (110 SC 2793, 111 LE2d 148) (1990).

threshold colloquy, loses out."[9] The Court further explained its justification for the formalism created by this line: "there is practical value in the simple clarity of complementary rules, one recognizing the co-tenant's permission when there is no fellow occupant on hand, the other according dispositive weight to the fellow occupant's contrary indication when he expresses it."[10]

The circumstances surrounding the search of Preston's residence do not fit neatly on either side of the line drawn by the *Randolph* Court. Preston clearly was "on hand" when he opened his door to the officers, yet the officers did not engage him in a threshold colloquy before beginning their search. While Preston did not object to the search, he was not told the basis for the search and under the circumstances could erroneously have believed that the search was incident to his arrest.[11] Given these factual distinctions, and the *Randolph* Court's limitation of its holding to the facts of that case,[12] we do not find Preston's failure to object to the search to be fatal to his Fourth Amendment claim under *Randolph*.[13]

Nevertheless, *Randolph* provides guidance in applying Fourth Amendment requirements to the facts of this case. The Court held that the "constant element in assessing Fourth Amendment reasonableness in the consent cases . . . is the great significance given to widely shared social expectations."[14] Thus, a basis for the *Randolph* decision was the Court's determination that a "co-tenant wishing to open the door to a third party has no recognized authority in law or social practice to prevail over a present and objecting co-tenant."[15] We believe that similar reasoning applies to the circumstances of the search of Preston's residence. We know of no widely shared social expectations that support third parties entering a residence without first explaining to the occupant who has opened the door that an absent co-occupant has given them permission to do so.

Moreover, the Court in *Randolph* expressed a concern that officers not be allowed to avoid a threshold colloquy with a present occupant concerning a search by "remov[ing] the potentially object-

---

[9] *Randolph*, supra at 121.

[10] Id. at 121-122.

[11] A search of an area outside of a defendant's immediate presence is not authorized as incident to the defendant's arrest. See *Hicks v. State*, 287 Ga. App. 105, 108 (2) (650 SE2d 767) (2007).

[12] See *Randolph*, supra at 106.

[13] But see *Kansas v. Chilson*, 165 P3d 304, 310 (Kan. App. 2007); *United States v. Short*, 2008 U. S. Dist. LEXIS 1028, at *11-12 (N.D. W.Va. 2008). See generally *United States v. Henderson*, 536 F3d 776, 779-785 (II) (B) (7th Cir. 2008) (discussing boundaries of *Randolph* holding).

[14] *Randolph*, supra at 111.

[15] Id. at 114.

ing tenant from the entrance for the sake of avoiding a possible objection."[16] Yet here, the officers effectively removed Preston from the entrance of his residence by arresting him for the unrelated offense and not informing him that their search was pursuant to Jones's consent and not an incident to Preston's arrest.[17]

For these reasons, we find it was unreasonable under the Fourth Amendment for the officers to search Preston's residence without first informing Preston, who had met them at the door, that they were conducting the search based upon Jones's consent and not incident to his arrest for the unrelated offense. In so concluding, we do not impose upon law enforcement officers an affirmative obligation to seek out potential objectors or to solicit the consent of occupants on hand. Rather, we simply find that if an occupant is at the door, as was the defendant in *Randolph*, then the officers must inform that occupant that they are conducting a search pursuant to a co-occupant's consent for the search to be reasonable under the Fourth Amendment.

*Judgment reversed. Johnson, P. J., and Barnes, J., concur.*

DECIDED MARCH 16, 2009 — 

*Kelley A. Dial*, for appellant.
*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.

---

[16] Id. at 121.

[17] Cf. *United States v. Lopez*, 547 F3d 397, 400 (2d Cir. 2008) (finding officers' failure to ask defendant for consent was not unreasonable but noting that there was no contention that officers had concealed from defendant their intent to seek consent from co-occupant instead).