### A10A1188. THE STATE v. MOHAMMED.
(695 SE2d 721)

JOHNSON, Judge.

Following his arrest for driving under the influence of alcohol, Andy Jason Mohammed filed a motion to suppress evidence collected during what he claimed was an invalid traffic stop. The state now appeals from a trial court order granting the motion to suppress. Based on our limited standard of review in considering judgments on motions to suppress, we affirm.

When considering the appeal of a grant or denial of a motion to suppress, the trial court sits as the trier of fact, and this Court construes the evidence in favor of the trial court's ruling.[1] We must defer to the trial court's determination on the credibility of witnesses; and while we review de novo the trial court's application of the law to undisputed facts, we must accept the trial court's ruling on disputed facts unless it is clearly erroneous.[2]

So viewed, the evidence shows that shortly after midnight on the morning of August 6, 2008, a police officer with the Cobb County Police Department observed two vehicles traveling in a westerly direction on Powder Springs Road. That portion of the road has two lanes designated for westerly traffic, but both vehicles were in the same lane, with the car driven by Mohammed in back of the other car.

The police officer followed the vehicles for approximately two miles. During that time, Mohammed made no improper lane changes, maintained his lane, and traveled at approximately 45 miles per hour, which was the posted speed limit. The police officer noticed that Mohammed was repeatedly tapping his brakes, but he was unable to definitively state that this was not the result of the lead car varying its speed.

The police officer testified that he believed Mohammed was following too closely, in violation of OCGA § 40-6-49 (a), and he conducted a traffic stop of Mohammed's car. Based on evidence collected during the traffic stop, Mohammed was charged with driving under the influence of alcohol.

---

[1] *State v. Swift*, 232 Ga. 535, 536 (1) (207 SE2d 459) (1974).
[2] *Burke v. State*, 302 Ga. App. 469 (691 SE2d 314) (2010).

Under Georgia law, a police officer may conduct a brief investigative stop of a vehicle if the stop is "justified by specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."[3] In addition, the stop of a vehicle is also authorized if the police officer reasonably believed that he observed a traffic violation.[4] In support of his claim that the traffic stop was valid, the police officer testified that Mohammed "appeared to be having trouble . . . estimat[ing] the distance in between him and the vehicle in front of him" and that the distance between Mohammed's vehicle and the lead car was less than "advisable when following people on roadways generally."

Mohammed disputed the police officer's claims that he was following too closely. For reasons not clear to this Court, the trial court apparently found that the police officer was not credible and rejected much of his testimony. For example, while the police officer testified that the distance between the two vehicles was approximately one car length, the trial court found that the distance "very likely" exceeded one car length. While the police officer testified that he provided Mohammed with enough space to allow him to change into the other lane for westerly traffic, the trial court found that Mohammed could not have merged into that lane because of the presence of the officer's patrol car. In addition, the trial court apparently agreed that the lead car was not maintaining a constant speed and found that Mohammed's repeated tapping of the brakes resulted from his attempt to maintain the speed limit. Based on these findings, the trial court concluded that the police officer did not have a valid cause for initiating the stop of Mohammed's car.

The state claims that the police officer's testimony was substantiated by his patrol car video and that we should therefore review the trial court's findings de novo instead of applying the "clearly erroneous" standard. However, the de novo standard is applied in this context only "[t]o the extent that the controlling facts . . . are undisputed because they are plainly discernable from the . . . video recording."[5] Here, neither the speed of the vehicles nor the distance between them is plainly discernable on the video. While the video is consistent with the police officer's claim that Mohammed was following the lead car more closely than was reasonable and prudent under the conditions,[6] it was also consistent with the theory accepted

[3] (Footnote omitted.) *Proctor v. State*, 298 Ga. App. 388, 390 (1) (680 SE2d 493) (2009); see also *Vansant v. State*, 264 Ga. 319, 320-321 (2) (443 SE2d 474) (1994).

[4] *McBride v. State*, 246 Ga. App. 151, 152 (539 SE2d 201) (2000); see also *Proctor*, supra.

[5] *Johnson v. State*, 299 Ga. App. 474, 474-475 (682 SE2d 601) (2009); see also *Lyons v. State*, 244 Ga. App. 658, 661 (1) (535 SE2d 841) (2000).

[6] See OCGA § 40-6-49 (a).

by the trial court that Mohammed was merely trying to maintain a safe speed while following a car that failed to maintain a constant rate of travel.

Given that we must accept the trial court's determinations on credibility, and given that the video does not clearly establish that the trial court erred in determining that the traffic stop was unlawful, we must affirm the ruling of the trial court.

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED MAY 27, 2010.

*Barry E. Morgan, Solicitor-General, Annemarie V. Baltz, Assistant Solicitor-General*, for appellant.
*Webb & D'Orazio, Robert F. Webb*, for appellee.