MILLER, Presiding Judge,
dissenting.
This case presents to us with an ambiguous video of Andrade’s interrogation and, thus, this Court is bound to defer to the trial court’s factual determinations if there is any evidence to support them. The *232 question before us is not whether Andrade unequivocally invoked his right to silence but is instead whether the trial court could have found that he had. In reversing the trial court, the majority opinion misapplies our deferential standard of review and exceeds its authority by usurping the role of the factfinder. I therefore respectfully dissent.
We are “a court of review” and lack jurisdiction to decide disputed issues of fact. Likewise, we cannot draw a different inference from the evidence or make a credibility determination contrary to the one made by the trial court. This is true even if we would have made a different, conclusion had the members of this Court been the trial judge.
(Citations omitted.) State v. Ellison, 271 Ga. App. 898, 902 (3) (c) (611 SE2d 129) (2005); see also Ga. Const. of 1983, Art. VI, Sec. V, Par. III. Thus, “[ujnless clearly erroneous, a trial court’s findings as to factual determinations and credibility relating to the admissibility of the defendant’s statement . . . will be upheld on appeal.” (Citation and punctuation omitted.) Butler v. State, 292 Ga. 400, 403 (2) (738 SE2d 74) (2013).
While the majority highlights the need for an “unambiguous” invocation of one’s right to remain silent, that is not the question before us. Faced with an ambiguous record, this Court “cannot second-guess the trial court” but rather must “draw all reasonably permissible inferences from the evidence to support the trial court’s ruling.”[2] See Ellison, supra, 271 Ga. App. at 902-903 (5) (emphasis supplied); see also State v. Mohammed, 304 Ga. App. 230, 231-232 (695 SE2d 721) (2010) (where a video recording is consistent with more than one factual finding, this Court defers to the trial court’s interpretation of the recording). By basing its ruling on its disagreement with the trial court about the content of the video, the majority fails to follow precedent and oversteps its role by replacing the trial court as factfinder.
As conceded by the majority, the poor quality of the audiovisual recording in this case leaves us with an ambiguous record to review.[3] Andrade’s muted responses to the officer’s questions admittedly are difficult to understand in the recording. Although the trial court *233 could have reached a different conclusion about the content of the video, it did not do so, and our review of its interpretation of the video is limited. Nevertheless, the majority essentially makes its own de novo factual finding that “Andrade did not unambiguously and unequivocally invoke his right to remain silent.” Maj. Op. at 231.
Decided June 30, 2017.
Richard L. Perryman III, District Attorney, Rebekah M. Ditto, Jennifer R. Smith, Assistant District Attorneys, for appellant.
John W. Strickland, Jr., for appellee.
That is not the proper role of this Court. This Court rather is tasked with answering a narrow question: viewing the totality of the circumstances in the light most favorable to the challenged ruling, was there any evidence to support the trial court’s finding? See State v. Colvard, 296 Ga. 381, 382 (1) (768 SE2d 473) (2015); Butler, supra, 292 Ga. at 403 (2).
With the proper inquiry identified, the case is simple and the answer is clear: there is some evidence to support the trial court’s finding. Notably, both Andrade and the officer testified during the suppression hearing, and the trial court was able to assess their credibility in reaching its factual findings. See Butler, supra, 292 Ga. at 403 (2). As an appellate court, we do not have the benefit of seeing and hearing these witnesses and, thus, we are bound to accept the trial court’s credibility findings. See id.
Although my esteemed colleagues are no doubt aware of the different roles of the trial and appellate courts, they have conflated those roles in this case. Instead of deferring to the trial court’s factual findings on an ambiguous record, they have impermissibly substituted their own interpretation of the video for that of the trial court. Giving proper deference to the trial court, I would affirm the judgment.

 The two decisions primarily relied on by the majority add little to the analysis here, as neither case involved the deference this Court must give to the trial court’s factual findings on a motion to suppress. See Barnes v. State, 287 Ga. 423, 425 (2) (696 SE2d 629) (2010); Perez v. State, 283 Ga. 196, 200-201 (657 SE2d 846) (2008).

 Notwithstanding the majority’s passing suggestion to the contrary, the critical facts in this case are not “indisputably discernible” from the audiovisual recording. See Maj. Op. at 229.