**THIRD DIVISION**
**GOBEIL,**
**COOMER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 6, 2019**

# In the Court of Appeals of Georgia

A18A1869. THE STATE v. LEE.

COOMER, Judge.

Dustin Lee was charged with possession of a firearm by a convicted felon. Lee filed a motion to suppress certain evidence found during the course of a warrantless search of his residence arguing, *inter alia*, that law enforcement failed to obtain his consent prior to searching his residence. Following a hearing, the trial court granted Lee's motion and concluded that it was unreasonable under the Fourth Amendment for law enforcement to search Lee's residence without first giving him the opportunity to object to the search. The State now appeals the trial court's order claiming its search was reasonable under existing law. We agree and reverse.

This case asks us to determine whether the suppression of certain evidence seized by law enforcement was authorized when consent to enter the residence was

given to law enforcement by a co-occupant who was present, the evidence seized was in a common shared space of the residence and was in plain view of law enforcement, and the co-occupant/defendant was detained in a patrol car by law enforcement for a separate offense. More specifically, we are asked to consider whether law enforcement is required to give a detained co-occupant/defendant an opportunity to object to the officers' entry into the residence and conduct a search. For the reasons set forth in this opinion, we reverse the trial court's order and find that law enforcement officers are not required to take affirmative steps to give a co-occupant/defendant an opportunity to object to their entry into the residence and search before acting on the permission already granted by a co-occupant.

> When considering the appeal of a grant or denial of a motion to suppress, the trial court sits as the trier of fact, and this Court construes the evidence in favor of the trial court's ruling. We must defer to the trial court's determination on the credibility of witnesses; and while we review de novo the trial court's application of the law to undisputed facts, we must accept the trial court's ruling on disputed facts unless it is clearly erroneous.

*State v. Mohammed*, 304 Ga. App. 230, 230 (695 SE2d 721) (2010) (citations omitted). So viewed, the undisputed evidence shows that Jason McCoy, Chief of Police for the City of Soperton, received a call from a concerned citizen regarding a

2

social media post allegedly made by Dustin Lee. After Chief McCoy looked at Lee's social media posts and saw photographs of Lee holding firearms, Chief McCoy deemed the posts to be threatening to himself and law enforcement officers. Aware of Lee's status as a convicted felon, Chief McCoy requested a warrant from the magistrate court for Lee's arrest for terroristic threats. After giving a sworn statement, a warrant for Lee's arrest on the charge of terroristic threats was issued. That same day, Chief McCoy and other law enforcement officers traveled to a home where Lee had been living with a woman and her two children.

Upon their arrival at the residence, Lee and his co-occupant, Vanessa Richardson, stepped out onto the porch. Lee was immediately arrested without incident for making terroristic threats and placed in a patrol car. Richardson was asked by law enforcement if there were any guns in the home. She informed law enforcement that there was .22 rifle inside the home. Richardson then gave law enforcement permission to enter the residence while she retrieved the firearm. Once inside the home, Chief McCoy saw a rifle in plain view that was propped against a wall next to a window in the main living quarters of the residence. Richardson confirmed that it was the rifle she described and handed it over to law enforcement to be collected as evidence.

Lee was later charged with possession of a firearm by a convicted felon. He filed a motion to suppress arguing that there was no probable cause for his arrest and that the search of his residence was absent a warrant or his consent. During the hearing on the motion to suppress, Chief McCoy testified on cross-examination that he did not ask Lee for permission to enter the residence. The trial court granted Lee's motion, and the State appeals.

In its sole enumeration, the State argues that the trial court erred in granting Lee's motion to suppress when it misapplied this Court's holding in *Preston v. State*, 296 Ga. App. 655, 658 (675 SE2d 553) (2009). We agree and find that the facts of this case are distinguishable from those of *Preston*.

In *Preston*, a co-occupant of the defendant gave law enforcement consent to search the residence she shared with the defendant for illegal contraband that was allegedly in the defendant's possession. 296 Ga. App. at 655. When law enforcement arrived at the residence, they immediately arrested the defendant on an unrelated charge and proceeded to search his residence. *Id*. The defendant was present during the search and did not object, but the co-occupant was not present when the officers began searching the residence. *Id*. A gun, money, and drugs were found as a result of the search. *Id*. at 656. The trial court denied the defendant's motion to suppress, but

4

we reversed. *Id*. at 656-657. Relying on the United States Supreme Court holding in *Georgia v. Randolph*,[1] we held that one co-tenant's desire to consent to a search cannot prevail over a present co-tenant's stated objection to a search. *See id*. at 656-657. Although the defendant did not object to the search, the officers failed to engage in a threshold colloquy with the defendant regarding the basis for the search, which the defendant could have erroneously believed was incident to his arrest, and the officers failed to inform the defendant of his absent co-occupant's permission to conduct the search. *Id*. at 657. We found that the search was unreasonable under the Fourth Amendment because when an occupant is at the door, law enforcement must inform that occupant they are conducting a search pursuant to a co-occupant's consent. *Id*. at 657-658.

Here, the trial court misapplied our limited holding in *Preston*. *See id*. at 658. Unlike *Preston*, in this case, law enforcement did not arrive at Lee's residence to execute a search based upon a non-present co-occupant's consent, but instead arrived at the residence to arrest Lee on a separate charge. Although Lee was in police custody near the residence when officers asked his co-occupant for permission to enter the residence, nothing in the record suggests that law enforcement placed Lee

___

[1] 547 U.S. 103, 122 (II) (E) (126 SCt 1515, 164 LE2d 208) (2006).

in a patrol car prior to entry in order to avoid a possible objection from Lee. *See Payton*, 326 Ga. App. at 852 (3) (homeowner's consent gave police officers legal authority for search where there was no evidence that the defendant had been arrested and placed inside a patrol car for the purpose of avoiding a possible objection to the search); *Brown v. State*, 288 Ga. 404, 406 (2) n. 3 (703 SE2d 624) (2010) (warrantless search authorized where homeowner gave consent to search and no evidence the defendant expressly objected to search or that defendant was removed from the residence by law enforcement for the purpose of avoiding a possible objection); *Burke v. State*, 302 Ga. App. 469, 470-471 (691 SE2d 314) (2010) (warrantless search of home was authorized based on wife's consent where defendant was arrested and removed from home and no evidence removal was to avoid an objection of consent).

Thus, Richardson's consent gave law enforcement the legal authority to enter the common area of the residence whereupon law enforcement observed the gun described by Richardson as belonging to Lee. *Compare State v. Goodman*, 290 Ga. App. 196, 198 (660 SE2d 21) (2008) (warrantless entry into defendant's home was not authorized where nothing in the record indicated that defendant ever consented to officer's entry into his home or that defendant's house guest was in any way authorized by him to allow such entry).

Moreover, we disagree with the trial court's finding that law enforcement conducted an illegal search of Lee's residence when it is undisputed from the record that the weapon seized was in plain view of law enforcement upon their lawful entry into the main living quarters of the residence. "Where what is accomplished is nothing more than such a plain view seizure, there is no search at all." *State v. Brown*, 158 Ga. App. 312, 314 (279 SE2d 755) (1981) (citation omitted). Under these facts, the weapon was immediately apparent to law enforcement so that the plain view doctrine was fully applicable; and thus the trial court erred by concluding that a search had occurred and applying legal principles that are applicable to searches. *See id*.

Lastly, we disagree with the trial court's conclusion that law enforcement should have given Lee an opportunity to object, because as this Court has explicitly stated, "police officers are not required to find a potentially objecting co-tenant before acting on the permission they had already received." *See Payton v. State*, 326 Ga. App. 846, 852 (3) (755 SE2d 261) (2014) (punctuation omitted) *quoting Georgia v. Randolph*, 547 U.S. 103, 122 (II) (E) (126 SCt 1515, 164 LE2d 208) (2006). *See also Preston*, 296 Ga. App. at 658 ("[W]e do not impose upon law enforcement officers

an affirmative obligation to seek out potential objectors or to solicit the consent of occupants on hand.").

Accordingly, based upon our de novo review of the applicable law to the undisputed evidence before the trial court, we reverse the trial court's grant of Lee's motion to suppress.

*Judgment reversed. Gobeil and Hodges, JJ., concur*.